CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 07 –13834    SECTION SECTION 14    DIVISION "



JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON,
RYAN F. JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON,
BRAD A. JEFFERSON, AND LISA M. WILLIAMS

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED: _____    _____

DEPUTY CLERK

**PETITION FOR DAMAGES**

Now into Court, through undersigned counsel, comes the petitioners, Joannie L.
Jefferson, Adraine J. Georges, Derrie K. Jefferson, Thomas H. Jefferson, IV, Kevin L.
Jefferson, Brad A. Jefferson and Lisa M. William, surviving spouse or children of
Thomas H. Jefferson, Jr., deceased (hereinafter referred to as the Plaintiffs), who names
and residences are shown on Exhibit "A" which is attached hereto and incorporated
herein, who file this their Petition for Damages:

1.    The Plaintiffs' Decedent had substantial exposure to Defendants' asbestos-
containing products in this Parish at the location(s) described in Exhibit "A".

2.    The damages sought by Plaintiffs, exclusive of interests and costs, exceed
the minimum jurisdictional limits of the Court.

3.    The Defendants, identified in Exhibit "B," are all either (a) foreign
corporations licensed to do and doing business in the state of Louisiana, (b) domestic
corporations licensed to do business and doing business in the state of Louisiana, (c)
individuals who are domiciled in this state, (d) individuals who are not domiciled in
this state, or (e) foreign or alien insurers, that are liable to the Plaintiffs for the claims
asserted herein.

4.    Each Defendant corporation and/or its predecessor-in-interest is, or at
times material hereto, has been engaged in the mining, processing, manufacturing,
installation, removal, maintenance, sale and/or distribution of asbestos, asbestos-

DALE N. ATKINS

421 LOYOLA AVENUE - ROOM 402
NEW ORLEANS, LA 70112

DATE: 10/18/2007 at 11:28
CASE#: 2007 - 13834  SEC.: 14
RECEIPT#: 315542
                                        BAL

PETITION FOR DAMAGES
                        20.00         0.00
JSC
        20.00       20.00            0.00
INDIGENT LIT. FEE
                                     0.00
                        252.00       0.00
                        540.00       0.00

REC'D  TOTAL $1,100.50
AMOUNT RECEIVED $1,100.50

**OCT 18 2007**

Cash Pmt. $252.00

containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products (hereinafter collectively referred to as "asbestos-containing products"), or held themselves out as manufacturers of such products or were professional vendors of such products.

5.     The death of Thomas H. Jefferson, Jr., on or about December 25, 2006, was due to, or a consequence of, his exposure to asbestos dust and fibers from asbestos and asbestos-containing materials, as a direct and proximate result of his exposure to asbestos products that were unreasonably dangerous per se, defective in composition or construction, defective in design, lacking suitable warnings or instructions concerning the hazards presented, as a result of negligent, willful, and/or reckless misconduct, and as a result of intentional misconduct of certain defendants as alleged with more specificity below.  As a direct and proximate result of the delictual conduct of the defendants, the petitioners, Joannie L. Jefferson, Adraine J. Georges, Derrie K. Jefferson, Ryan F. Jefferson, Thomas H. Jefferson, IV, Kevin L. Jefferson, Brad A. Jefferson, And Lisa M. Williams, have lost the love, affection, society, support, services and future earnings of Thomas H. Jefferson, Jr., deceased, and pursuant to Louisiana Civil Code article 2315.2, assert this wrongful death action against the defendants.

6.     The Plaintiffs, Joannie L. Jefferson, Adraine J. Georges, Derrie K. Jefferson, Ryan F. Jefferson, Thomas H. Jefferson, IV, Kevin L. Jefferson, Brad A. Jefferson and Lisa M. Williams, are the statutory survivors of the referenced decedent and hereby assert this survival action pursuant to Louisiana Civil Code article 2315.1.

7.     Plaintiffs' Decedent worked with and/or was exposed to asbestos-containing products while working in various shipyards, steel mills, refineries, paper mills, chemical plants and/or other facilities in the state of Louisiana and elsewhere in the United States.  Plaintiffs' Decedent's work sites, trades and years of exposure to asbestos include, but are not limited to those identified in Exhibit "A."  Plaintiffs' Decedent has been exposed, on numerous occasions, to asbestos and/or asbestos-containing products produced, manufactured, installed, removed, maintained, sold, and/or distributed by Defendants and, in so doing, has inhaled significant quantities of

2

asbestos fibers, and as a result has suffered injuries and/or death proximately caused by such exposure.

8.     Plaintiffs' Decedent was exposed to asbestos or asbestos-containing products in occupation(s) including, but not limited to, those set forth in Exhibit "A." The conduct of each Defendant was a substantial contributing factor in causing Plaintiffs' Decedent's injuries and/or death, such that all Defendants are liable jointly, severally, and in solido for all of the damages complained of herein.

<div align="center">VENUE</div>

9.     The defendant, Eagle, Inc. (Eagle), is a domestic corporation with a principal place of business located in the Parish of Orleans, State of Louisiana. Plaintiffs' Decedent, Thomas H. Jefferson, Jr., was exposed to products, distributed and installed by the above-referenced defendants at the work sites in Exhibit "A." Plaintiffs specifically allege that these products, in combination with other asbestos-containing products, caused his asbestos-related injuries.

10.     Each of the defendants listed in Exhibits "B," contributed with Eagle, to Mr. Jefferson's exposure to asbestos at his work sites, including but not limited to, the exposure sites located on Exhibit "A." Each of these defendants is liable in solido, with Eagle to the Plaintiffs. Further, this action is within the jurisdiction of this court, because Orleans Parish is the site of exposure. Thus, venue proper for these defendants is proper for all defendants pursuant to Louisiana Code of Civil Procedure articles 42 and 73.

<div align="center">BACKGROUND</div>

11.     Plaintiffs' decedent worked on board various ships at the locations and on the dates outlined in Exhibit "A." His duties included, but were not limited to, loading and off-loading of cargo, which on many occasions included raw asbestos and/or asbestos-containing materials and were carried out in the same general vicinity where insulation contractors and suppliers were engaged in the removal and installation of asbestos-containing products. His duties also included, but were not limited to, reconditioning cargo, a job which required him to repair torn boxes and sacks of raw

<div align="center">3</div>

asbestos fibers shipped by asbestos fiber suppliers, and manufacturer/sellers.

12.     During various lengthy periods of time, Plaintiffs' Decedent suffered occupational exposure to asbestos and asbestos-containing products designed, mined, manufactured, sold, distributed, supplied and/or maintained on various premises by the defendants.

13.     During Plaintiffs' Decedent's occupational exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, Plaintiffs' Decedent's job sites listed on Exhibit "A" where Plaintiffs' Decedent was exposed to asbestos-containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances, commonly referred to as "asbestos."

14.     When inhaled or otherwise ingested, mineral dust and fibers, including, but not limited to, asbestos, cause irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, lung cancer, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

15.     Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to the Plaintiffs' Decedent, of the health hazards inherent in the asbestos-containing products they were selling.  Instead of warning the Plaintiffs' Decedent and the general public about these dangers, certain defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos and/or asbestos-containing products and to avoid litigation by those who were injured from inhalation of asbestos fibers.  Those defendants who have engaged in intentional misconduct, fraud, or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence and strict liability, identifies other forms of misconduct.

4

16.     In connection with Plaintiffs' Decedent's work at, including but not limited to, the job sites listed on Exhibit "A" during the exposure period, the Plaintiffs' Decedent was exposed to and inhaled or otherwise ingested significant quantities of asbestos, having neither knowledge nor reason to believe that asbestos was dangerous.

17.     As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos while working at, including but not limited to, the exposure sites on Exhibit "A." Plaintiffs' Decedent has received injuries, both physically and mentally, including, without limitation: (i) mesothelioma; (ii) and mental anguish associated with the preceding conditions, and with the fear of developing the preceding conditions.

18.     Thomas H. Jefferson, Jr., was diagnosed with malignant mesothelioma on June 14, 2006, and died as a consequence of this disease on December 25, 2006. This action is being instituted within one-year of his death and is, therefore, timely filed pursuant to Louisiana Civil Code Articles 2315.1 and 2315.2.

## COUNT ONE

### NEGLIGENCE
**("Defendants" in this count means all Defendants, except for the Premise Defendants, Employer Defendants listed on Exhibits "D" and "E")**

19.     The illnesses, disabilities, and/or death of Plaintiffs' Decedent are a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, sold and/or otherwise put into the stream of commerce asbestos or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiffs' Decedent's health and well-being. The Defendants were negligent in one, some or all of the following respects, among others, same being the proximate cause of Plaintiffs' Decedent's illnesses, disabilities and/or death:

(a)     failing to timely and adequately warn Plaintiffs' Decedent of the dangerous characteristics and serious health hazards associated with exposure to asbestos and/or asbestos-containing products;

(b)     failing to provide Plaintiffs' Decedent with information as to what would

be reasonably safe and sufficient wearing apparel and proper protective

equipment and appliances, if any, to protect Plaintiffs' Decedent from

being harmed and disabled by exposure to asbestos and/or asbestos-

containing products;

(c)     failing to place timely and adequate warnings on the containers of said

asbestos, or asbestos-containing products, to warn of the dangers to health

of coming into contact with said asbestos or asbestos-containing products

and/or machinery;

(d)     failing to take reasonable precautions or exercise reasonable care to

publish, adopt and enforce a safety plan and/or safe method of handling,

installing, and/or using or removing asbestos and/or asbestos-containing

products;

(e)     failing to develop and/or use a substitute material to eliminate asbestos

fibers in the asbestos-containing products;

(f)     failing to properly design and manufacture asbestos and/or asbestos-

containing products for safe use under conditions of use that were

reasonably anticipated;

(g)     failing to properly test asbestos-containing products before they were

released for consumer use; and

(h)     failing to recall and/or remove from the stream of commerce said

asbestos-containing products despite knowledge of the unsafe and

dangerous nature of such products.

## COUNT TWO

### STRICT LIABILITY
**("Defendants" in this count means all Defendants, except for the Premise
Defendants, Employer Defendants listed on Exhibits "D" and "E")**

20.     All of the allegations contained in the previous paragraphs are realleged

herein.

21.     Plaintiffs' Decedent was exposed to asbestos-containing products that

were manufactured and distributed by the Defendants and/or their predecessors-in-

interest for use as construction materials and/or machinery in industrial operations. The defective condition of the products rendered such products unreasonably dangerous, and the asbestos-containing products were in this defective condition at the time they left the hands of Defendants. Further, said products were unreasonably dangerous per se, unreasonably dangerous due to Defendants' failure to warn, and unreasonably dangerous due to a design defect.

22.     The Defendants are engaged in the business of selling asbestos-containing products, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries and/or death of Plaintiffs' Decedent.

23.     Defendants knew that these asbestos-containing products would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation, installation, operation, maintenance and/or repair of the asbestos-containing products.

24.     Plaintiffs' Decedent was unaware of the hazards and defects in the asbestos-containing products of the Defendants which made them unsafe for purposes of manipulation and/or installation.

25.     During the periods that Plaintiffs' Decedent was exposed to the Defendants' asbestos-containing products, these asbestos-containing products were being used in a manner which was intended and/or reasonably foreseeable by Defendants.

## COUNT THREE

### STRICT LIABILITY
### AND NEGLIGENCE AGAINST THE CONTRACTOR DEFENDANTS

26.     At various times, the Contractor Defendants identified in Exhibit "C," performed a variety of contract services, including maintenance and repairs of vessels at various locations at the Port of New Orleans, including, but not limited to the following terminals: The Riverfront, f/k/a The Brewery, The Cotton Warehouses, Maurice Street Wharf, The Napoleon Avenue Wharf, Henry Clay Wharf, Nashville Street Wharf, Milan Street Wharf, Sky Dock Wharf, Louisiana Street Wharf, Toulouse Street Wharf,

Esplanade Street Wharf, Mandeville Street Wharf, Pauline Street Wharf, Louisa Street Wharf, Jordan Street Wharf, Harmony Street Wharf, Congress Street Wharf, Army Base Wharf, Chalmette Slip, Market Street Wharf, First Street Wharf, Thalia Street Wharf, Seventh Street Wharf, St. Rose Street Wharf, Orange Street Wharf, Poydras Street Wharf, Desire Street Wharf, Press Street Wharf, Robin Street Wharf, Julia Street Wharf, Celeste Street Wharf, St. Andrews Street Wharf, France Road Wharf, and/or Reserve Wharf; area shipyards; and other sites on land in the industrial corridor between New Orleans and Baton Rouge, Louisiana.

27.     The activities conducted by the Defendants and/or their subcontractors, included, but were not limited to, the application, demolition, displacement, disturbance, fabrication, installation, purchase, removal, repair, replacement, tearing out, and use of asbestos-containing products at the sites identified above. These products include, but are not limited to, asbestos, asbestos cement, asbestos pipe covering, asbestos block, asbestos rope, asbestos cloth, asbestos blankets, asbestos gaskets, asbestos packings and other asbestos-containing products and materials which will be identified through discovery.

28.     The foregoing activities resulted in the release of substantial quantities of asbestos dust into the work environment.

29.     Plaintiffs' Decedent was exposed to and inhaled substantial quantities of asbestos dust as a direct and proximate result of the activities of the Contractor Defendants and their subcontractors identified in Exhibit "C."

30.     The Contractor Defendants negligently performed and/or permitted their subcontractors to negligently perform the foregoing activities in the following non-exclusive particulars:

(a)     By creating a work environment laden with asbestos dust and an unhealthy and unsafe place for Plaintiffs' Decedent to work;

(b)     By failing to provide warnings, or adequate warnings, to Plaintiffs' Decedent of the dangers and risks posed by the asbestos in the atmosphere in which Plaintiffs' Decedent worked; of the need for correct,

adequate, and/or appropriate safety equipment; of critical medical and safety information regarding asbestos hazards in general and of hazards at the jobsite in particular; and of the hazards created by Defendants' activities;

(c)     By failing to test, or adequately test, the work environment for the presence of toxic, hazardous and carcinogenic chemicals, particularly asbestos;

(d)     By failing to apprize Plaintiffs' Decedent of the need for periodic medical examinations as a result of Plaintiffs' Decedent's exposure to asbestos created by Defendants' activities;

(e)     By failing to ventilate and/or properly ventilate the areas in which Plaintiffs' Decedent performed activities, or otherwise provide a safe and suitable means of eliminating the amount of asbestos dust in the air;

(f)     By failing to clean up and/or properly clean up the asbestos dust created by Plaintiffs' Decedent's activities;

(g)     By failing to formulate policies and adopt plans, procedures, and supervision necessary for the adequate protection of persons, such as Plaintiffs' Decedent, who came into contact with asbestos dust as a result of Plaintiffs' Decedent's activities;

(h)     By recklessly concealing from Plaintiffs' Decedent and negligently failing to provide critical medical and safety information to Plaintiffs' Decedent regarding the safety and health risks associated with the asbestos and asbestos-containing products;

(i)     By failing to adopt and/or failing to enforce safety rules after such rules were actually adopted;

(j)     By failing to keep abreast of the scientific and engineering knowledge regarding the dangers of, and protection against, occupational exposure to asbestos;

(k)     By failing to properly supervise and/or monitor their work areas for

compliance with safety regulations;

(l)     By failing to supervise their operations and the operations of their subcontractors;

(m)     By commencing and continuing operations, which were under their control and supervision when they knew or should have known that such operations would cause Plaintiffs' Decedent and co-employees to be exposed to asbestos, without protection, on a daily basis;

(n)     By failing to timely, adequately and safely remove asbestos hazards from the workplace;

(o)     By failing to comply with applicable State and Federal regulations regulating workplace exposure to asbestos (including, but not limited to, those regulations promulgated by the U. S. Department of Labor pursuant to the Walsh-Healey Public Contracts Act and the Occupational Safety and Health Act);

(p)     By applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing, and tearing out products that Defendants knew, or in the exercise of reasonable diligence should have known, were unreasonably dangerous, or unreasonably dangerous per se;

(q)     By not providing safety instructions or sufficient safety instructions for eliminating or reducing the health risks associated with the their activities;

(r)     By failing to test or adequately test the materials with which they were working to determine the presence of asbestos;

(s)     By failing to purchase products and materials that did not contain asbestos;

(t)     By purchasing, using, applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing, and tearing out products that contained asbestos;

(u)     By failing to properly label products that they purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired,

replaced, and tore-out as containing asbestos; and

(v)    By conducting their activities through such other negligent acts or omissions, as may be revealed in discovery and/or proven at trial.

31.    The negligent acts outlined above were a substantial contributing factor in Plaintiffs' Decedent's exposure to dangerous and hazardous levels of asbestos, and resultant damages.

32.    The foregoing negligent acts of the Contractor Defendants were a cause-in-fact and proximate cause of the Plaintiffs' Decedent's injuries and damages.

33.    Additionally, the Contractor Defendants are liable for the acts of their subcontractors under the doctrine of *respondeat superior* and Louisiana Civil Code article 2320.

34.    Additionally and alternatively, the asbestos-containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and torn out by the Contractor Defendants were in the care, custody and control of the Contractor Defendants, were unreasonably dangerous due to the presence of asbestos, and were a proximate cause and cause-in-fact of the Plaintiffs' Decedent 's injuries.  Therefore, the Contractor Defendants are strictly liable for Plaintiffs' Decedent's damages pursuant to Louisiana Civil Code article 2317.

35.    Additionally, when such contractors did not employ Plaintiffs' Decedent, Plaintiffs' Decedent was exposed to the asbestos containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and torn out by the Contractor Defendants that were in the care, custody and control of the Contractor Defendants and were unreasonably dangerous due to the presence of asbestos.

<div align="center">

**COUNT FOUR**

**NEGLIGENCE OF PLAINTIFFS' EMPLOYERS**
(As to Plaintiffs' Decedent's Employers only. "Defendants" in this
count means these Defendants only, as identified in Exhibit "D")
</div>

36.    Plaintiffs, allege negligent, grossly negligent, wanton, willful and intentional misconduct on behalf of decedent's employers and employers' executive

<div align="center">11</div>

officers and directors, as identified in Exhibit "D," in failing to provide and/or ensure a safe workplace for their employees, free of hazardous concentrations of asbestos and asbestos-containing dust.

37.    At various times, plaintiff was required to transport asbestos and asbestos-containing products from the various facilities owned and operated by the defendants identified in Exhibit "D," (hereinafter the "premise defendants"). This ultra-hazardous material was transported, stored, used and handled by and through the Port of New Orleans, in bags of raw asbestos or as manufactured products and was mishandled, used or damaged in such a way as to cause asbestos dust to be released in such heavy quantities as to be hazardous to

38.    In connection with those duties, mentioned above, Plaintiffs' Decedent was required to unload these ultra-hazardous materials from the vessels onto tractors, via slings, wherein he would then transport the materials to land side warehouses. Plaintiffs' decedent would then unload these ultra-hazardous materials for storage in these landside warehouses.

39.    The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest undertook and assumed the duties and responsibilities owed individually and/or delegated to them for providing Plaintiffs' Decedent with a safe place to work and Defendants wantonly and/or negligently and/or willfully and/or intentionally failed to provide Plaintiffs' Decedent a safe place to work.

40.    Each of the Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest, individually and/or in concert, breached their duty of ordinary care to the Plaintiffs' Decedent by negligently performing duties owed individually and/or delegated to them, directly and proximately causing the asbestos-related injuries, illnesses and disabilities of Plaintiffs' Decedent.  The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiffs' asbestos-related injuries, illnesses and disabilities:

(a)    in failing to provide adequate safety equipment;

(b)     in failing to protect Plaintiff from any asbestos exposure;

(c)     in failing to provide Plaintiffs' Decedent sufficient personal protective

equipment, safety devices and work procedures intended to prevent or

substantially eliminate the effects of asbestos exposure;

(d)     in failing to supervise or insure compliance with safety guidelines

concerning exposure to asbestos or asbestos-containing products;

(e)     in failing to use or misusing equipment and instrumentalities within their

control which were intended to minimize Plaintiffs' Decedent 's exposure

to asbestos dust;

(f)     in failing to properly perform safety inspections of the Plaintiffs' work

place;

(g)     in failing to properly perform engineering services, consulting and

direction of work involving the installation, removal, maintenance and/or

disturbance of asbestos at Plaintiffs' Decedent's work sites;

(h)     in failing to comply with applicable State and Federal regulations

regarding workplace exposure to asbestos; and

(i)     in failing to properly perform or direct the removal and abatement of

asbestos in place at Plaintiffs' Decedent's work sites; and

(j)     in negligently and intentionally failing to disclose, warn or reveal medical

and safety information to Plaintiffs' Decedent regarding the hazards of

asbestos.

41.     The negligence of Plaintiffs' Decedent's employers was a substantial factor

and contributed in causing Plaintiffs' Decedent, Thomas H. Jefferson, Jr., to contract

mesothelioma, which resulted in his death.

## COUNT FIVE

### INTENTIONAL TORT
**(As to Plaintiffs' Employers only. "Defendants" in this count means
these Defendants only, as identified in Exhibit "D")**

42.     Defendant employers identified in Exhibit "D", are liable for their

intentional, willful and wanton failure to disclose to Plaintiffs' decedent the dangers

associated with exposure to asbestos, the risks associated with working in an atmosphere contaminated with asbestos and the likely medical effects of such exposure.

43.     Because of Plaintiffs' Decedent's good faith reliance on Defendants' misrepresentations, Plaintiff continued to work in areas contaminated with asbestos and continued to be exposed to asbestos.  As a result, Plaintiffs' Decedent contracted mesothelioma, which resulted in his death.

44.     Defendant employers committed the following intentional acts which caused Plaintiffs' Decedent to suffer from asbestos-related diseases:

(a)     Intentionally failing to provide necessary protection to Plaintiffs' Decedent;

(b)     Intentionally failing to provide safety equipment as required by safety statutes;

(c)     Intentionally failing to provide clean, respirable air, and proper ventilation;

(d)     Intentionally failing to provide proper medical monitoring;

(e)     Intentionally failing to monitor the extent and output of asbestos dust into the workplace;

(f)     Intentionally failing to warn Plaintiffs' Decedent and other workers of the dangers associated with asbestos and/or asbestos containing products;

(g)     Intentionally inducing the Plaintiffs' Decedent and other workers to work in a workplace polluted with asbestos and/or asbestos containing products; and

(h)     Intentionally failing to keep asbestos and/or asbestos containing dust output into the workplace at safe levels.

45.     As a result of these acts, Defendants knew that it was substantially certain that the Plaintiffs' Decedent would suffer asbestos related diseases including but not limited to mesothelioma, which resulted in his death.

## COUNT SIX

### PREMISES LIABILITY
**(As to Premises Liability Defendants only. "Defendants" in this case means these defendants only, as identified in Exhibit "E")**

46.     Plaintiffs' Decedent, Thomas H. Jefferson, Jr., was exposed to asbestos and asbestos-containing materials while working at the jobsites identified in Exhibit "A". The Premise Defendants identified in Exhibit "E," at all times relevant to this complaint, have been either the operator and/or the manager and/or the owner and occupier of its respective facilities and in custody of the facilities during the relevant time period.  The facilities were defective in that the asbestos and asbestos-containing materials in the facilities created an unreasonable risk of harm to the Plaintiff and other persons on the premises.  Plaintiffs' Decedent, Thomas H. Jefferson, Jr., was exposed to asbestos and asbestos-containing materials while he was an invitee at the premise defendants' facilities. The defective condition of the facilities was a proximate cause of the Plaintiffs' Decedent contracting mesothelioma, which resulted his death.

47.     The Premise Defendants are liable to Plaintiffs' Decedent for its failure to exercise reasonable care to protect Plaintiffs' Decedent from the foreseeable dangers associated with exposure to asbestos.  The Premise Defendants, as the premises operator and/or manager and/or owner and occupier, and/or custodian, had a non-delegable duty to keep the premises safe for invitees.  The Premise Defendants knew or should have known of the unreasonable risk of harm inherent in exposure to asbestos and asbestos-containing materials but failed to protect Plaintiff from said risk of harm. The Premise Defendants' failure to protect Plaintiffs' Decedent, from known and/or foreseeable dangers constitutes negligence.  Said negligence was a proximate cause of Plaintiffs' Decedent, Thomas H. Jefferson, Jr., contracting mesothelioma, which resulted in his death.

## COUNT SEVEN

### JOINT AND SOLIDARY LIABILITY

48.     All of the allegations contained in the previous paragraphs are realleged herein.

49.     Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries and/or death of the Plaintiffs' Decedent.

50.     The actions of each of the Defendants is a proximate cause of Plaintiffs' Decedent's injuries and/or death.  As a result, all Defendants are jointly and solidarily liable for the damage caused by their combined actions.

## DAMAGES

51.     The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from the asbestos-related disease and wrongful death of Plaintiffs' Decedent, Thomas H. Jefferson, Jr., and of the following general and special damages including, but not limited to, damages for survival and wrongful death claims, that Plaintiffs have sustained in her individual capacity and as widow to decedent, Thomas H. Jefferson, Jr., including:

(a)     The conscious physical pain and suffering and mental anguish sustained by Thomas H. Jefferson, Jr. prior to his death;

(b)     The physical impairment suffered by Thomas H. Jefferson, Jr. prior to his death;

(c)     The disfigurement suffered by Thomas H. Jefferson, Jr. prior to his death;

(d)     Reasonable and necessary medical expenses incurred by Thomas H. Jefferson, Jr. and his estate;

(e)     Reasonable funeral and burial expenses;

(f)     Decedent's lost earnings and net accumulations;

(g)     The loss of the care, maintenance, services, support, advice, counsel and consortium which Plaintiffs' Decedent's family members received from the decedent prior to his last illness and death;

(h)     Thomas H. Jefferson, Jr.'s mental anguish caused by his extraordinary increased likelihood during his lifetime of developing asbestos-related cancer of the lungs, mesothelioma and other cancers, due to said exposure to products manufactured, installed, maintained, sold and/or distributed by the named Defendants; and;

16

(i)     Decedent's loss of enjoyment of life.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for their costs expended herein, for prejudgment interest from the date of Plaintiffs' filing of the lawsuit and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

LEBLANC & WADDELL, LLP

By: _____
CAMERON R. WADDELL, Bar No. 24245
JODY E. ANDERMAN, Bar No. 18764
CHRISTOPHER C. COLLEY, Bar No. 30322
2540 Severn Ave., Ste. 400
Metairie, LA  70002
Telephone:  (225) 768-7222
Facsimile:  (504) 885-9968

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

# STATE OF LOUISIANA

## THIS RECORD IS VALID FOR DEATH ONLY

FILE NO. 117...

5088390

**DECEDENT**

| 1. LAST NAME OF DECEDENT | | FIRST NAME | 2. MIDDLE NAME | 3. DATE OF DEATH (Month, Day, Year) |
|---|---|---|---|---|
| Jefferson | Jr. | Thomas | Harvey | December 25, 2006 |

| 2A. HOUR OF DEATH | 2B. SEX | 3. RACE (Specify White, Black, etc.) | 5. MARITAL STATUS (Specify Married, Widowed, Divorced, etc.) | 6. SURVIVING SPOUSE (If Wife, give Maiden Name) |
|---|---|---|---|---|
| 9:30P.M. | Male | Black | Married | Joannie Lewis |

| 7. DATE OF BIRTH (Month, Day, Year) | 8A. AGE YEARS | 8B. UNDER 1 YEAR MONTHS DAYS | 8C. UNDER 1 DAY HOURS MINUTES | 9. BIRTHPLACE (City and State or Foreign Country) |
|---|---|---|---|---|
| August 26, 1934 | 72 | | | Angie, Louisiana |

| 10. USUAL OCCUPATION (Kind of work done during most of working life; NEVER specify retired) | 11. KIND OF BUSINESS/INDUSTRY | 12. OF HISPANIC ORIGIN? |
|---|---|---|
| Longshoreman | Longshore | No |

| 13. EVER IN U.S. ARMED FORCES? (YES or NO) | 14. SOCIAL SECURITY NUMBER | 15. DECEDENT'S EDUCATION (Specify ONLY HIGHEST GRADE COMPLETED) ELEMENTARY/SECONDARY (0-12)   COLLEGE (1-4, 5+) |
|---|---|---|
| No | 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 | 11 |

**PLACE OF DEATH**

16. PLACE OF DEATH (Check ONLY one) & (If such in NON-LISTED facility, give OTHER and specify c in the BELOW)

HOSPITAL ☐ INPATIENT ☐ ER/OUTPATIENT ☐ DOA ☐   NON-HOSPITAL ☐ NURSING HOME ☐   RESIDENCE ☒   OTHER ☐

| 16B. NAME OF FACILITY (If not in Facility, give street address or location) | 16C. PLACE OF DEATH IN CITY LIMITS? (YES or NO) |
|---|---|
| 32183 Harvey Jefferson Rd. | No |

| 17A. CITY, TOWN OR LOCATION OF DEATH | 17B. PARISH OF DEATH |
|---|---|
| Angie | Washington |

**RESIDENCE**

| 18A. STREET ADDRESS (If rural specify rural route number or location) | 18B. PARISH OF RESIDENCE | 18C. STATE OF RESIDENCE |
|---|---|---|
| 32183 Harvey Jefferson Rd. | Washington | Louisiana |

| 18D. USUAL RESIDENCE OF DECEDENT (City, town and State) | | 18E. ZIP CODE | 18F. RESIDENCE INSIDE CITY LIMITS? (YES or NO) |
|---|---|---|---|
| Angie | | 70426 | No |

**PARENTS**

| 19A. FATHER'S LAST NAME | FIRST | MIDDLE | 19B. FATHER'S PLACE OF BIRTH | 19C. STATE |
|---|---|---|---|---|
| Jefferson Sr. | Thomas | Harvey | Angie | Louisiana |

| 20A. MOTHER'S MAIDEN NAME | FIRST | MIDDLE | 20B. MOTHER'S PLACE OF BIRTH | 20C. STATE |
|---|---|---|---|---|
| Bickham | Zena | Hackley | Angie | Louisiana |

**INFORMANT**

| 21A. TYPE OR PRINT NAME OF INFORMANT | 21B. INFORMANT'S ADDRESS 32183 Harvey | 21C. DATE (Month, Day, Year) |
|---|---|---|
| Joannie Jefferson | Jefferson Rd.   Angie, La. 70426 | Dec. 26, 2006 |

**DISPOSITION**

22A. METHOD OF DISPOSITION   BURIAL ☒   CREMATION ☐   REMOVAL ☐   OTHER ☐

| | 22B. DATE THEREOF Dec.30,2006 | 22C. NAME AND LOCATION OF CEMETERY OR CREMATORIUM Jefferson Cemetery   Angie, La. |
|---|---|---|

| 22D. SIGNATURE AND ADDRESS OF FUNERAL DIRECTOR | 22E. FACILITY NUMBER | 22F. LICENSE NUMBER |
|---|---|---|
| Crain & Sons Funeral Home 809 E. Third Street Bogalusa, La. 70427 | 2079 | U826 |
| | 23. ALTERATIONS | |

**REGISTRAR**

| 24. BURIAL TRANSIT PERMIT | 24B. PARISH OF ISSUE | 24C. DATE OF ISSUE | 24D. SIGNATURE OF LOCAL REGISTRAR |
|---|---|---|---|
| 5905567 | Washington | Dec. 27,2006 | Jennifer Fagan /srm |

**MANNER OF DEATH**

25. MANNER OF DEATH   1. NATURAL ☒   2. ACCIDENT ☐   3. SUICIDE ☐   4. HOMICIDE ☐   5. PENDING INVESTIGATION ☐   6. UNDETERMINED ☐

| 25A. DATE OF INJURY (Month, Day, Year) | 25B. TIME OF INJURY | 25C. INJURY AT WORK (YES or NO) | 25D. DESCRIBE HOW INJURY OCCURRED |
|---|---|---|---|
| | | | |

| 25E. PLACE OF INJURY (Specify at home, farm, factory, street, etc.) | 25F. LOCATION (Street, Number or Rural Route, City and/or State) |
|---|---|
| | |

**CERTIFIER**

| 26A. I CERTIFY THAT I ATTENDED THE DECEDENT   FROM   TO | AND THAT DEATH OCCURRED ON THE DATE AND HOUR STATED ABOVE DUE TO THE CAUSES AND IN THE MANNER INDICATED. | 26B. SIGNATURE OF PHYSICIAN OR CORONER | 26C. DATE (Month, Day, Year) |
|---|---|---|---|
| | | R A Casama | 1/23/0 |

| 26D. TYPE OR PRINT NAME OF PHYSICIAN OR CORONER | 26E. ADDRESS OF PHYSICIAN OR CORONER |
|---|---|
| R. A. Casama, M.D. , Coroner | 102 Manning Dr. Franklinton. La. 70438 |

**CAUSE OF DEATH**

27. PART I.   ENTER THE DISEASES, INJURIES OR COMPLICATIONS THAT CAUSED THE DEATH. DO NOT ENTER THE MODE OF DYING SUCH AS CARDIAC OR RESPIRATORY ARREST, SHOCK OR HEART FAILURE. LIST ONLY ONE CAUSE ON EACH LINE.

APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH

IMMEDIATE CAUSE (Final disease or condition resulting in death) ___ Penile Effusion ___ Unknown

Sequentially list conditions, if any, leading to immediate cause. ___ Mesothelioma ___

Enter UNDERLYING CAUSE (Disease or injury that initiated events resulting in death) LAST ___ Asbestosis ___

| 28. PART II.   OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE IN PART I. | 29. IF DECEASED WAS FEMALE 10-44, WAS SHE PREGNANT IN THE LAST 90 DAYS? | 30A. WAS AN AUTOPSY PERFORMED? | 30B. WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH? |
|---|---|---|---|
| Tobacco ☐   Other ☐ | Yes ☐ No ☐ Unk. ☐ | Yes ☐ No ☐ | Yes ☐ No ☐ |

PHS 16 - (REV. 04/04)

---

**OFFICE OF PUBLIC HEALTH - VITAL RECORDS REGISTRY**

IN ACCORDANCE WITH LSA-R.S. 40:50 ( C )
I CERTIFY THAT THE ABOVE IS A TRUE AND
CORRECT COPY OF A DEATH CERTIFICATE IN
MY CUSTODY.

Jennifer Fagan
LOCAL REGISTRAR

I CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF A CERTIFICATE OR
DOCUMENT REGISTERED WITH THE
VITAL RECORDS REGISTRY OF THE
STATE OF LOUISIANA; PURSUANT TO
LSA — R.S.40:32, ET SEQ.

Darlene W. Smith
ACTING STATE REGISTRAR

**WARNING: It is illegal to alter or counterfeit this copy.**

## EXHIBIT "A"

| | |
|---|---|
| Decedent: | Thomas H. Jefferson, Jr. |
| | DOD: December 25, 2006 |
| | SSN: 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 |
| | |
| Disease: | Mesothelioma |

**Survivors/Petitioners:**

| | |
|---|---|
| Spouse: | Joannie L. Jefferson |
| | PO Box 274 |
| | Angie, LA  70426 |
| | |
| Children: | Adraine J. Georges |
| | 2322 Edgedale Drive |
| | Missouri City, TX 77489 |
| | |
| | Derrie K. Jefferson |
| | 5165 North, 42nd Street |
| | Milwaukee, WI  53209 |
| | |
| | Ryan F. Jefferson |
| | 62538 May Road |
| | PO Box 403 |
| | Angie, LA  77489 |
| | |
| | Thomas H. Jefferson, IV |
| | PO Box 274 |
| | Angie, LA  70426 |
| | |
| | Kevin L. Jefferson |
| | PO Box 9742 |
| | Baton Rouge, LA  70813 |
| | |
| | Brad A. Jefferson |
| | 2322 Edgedale Drive |
| | Missouri City, TX 77489 |
| | |
| | Lisa M. Williams |
| | PO Box 274 |
| | Angie, LA  70426 |

### Thomas H. Jefferson, Jr.

| EMPLOYER | SITE | OCCUPATION | YEARS |
|---|---|---|---|
| Gaylord Container Corporation | Port of New Orleans | Laborer | 4/55-12/55 |
| Public Grain Elevator of New Orleans | Port of New Orleans | Laborer | 7/64-6/55 |
| Strachan Shipping Company | Port of New Orleans | Longshoremen | 1965, 1970-1979 and 1982 |
| Cooper Stevedoring of Louisiana, Inc. | Port of New Orleans | Longshoremen | 1965, and 1970-1972 |
| Lykes Corporation | Port of New Orleans | Longshoremen | 1965 and 1966 |

18

| | | | |
|---|---|---|---|
| Delta Steamship Lines, Inc. | Port of New Orleans | Longshoremen | 1965 and 1966 |
| Mid-Gulf Stevedores, Inc. | Port of New Orleans | Longshoremen | 1965, 1972, 1975 and 1976 |
| Ryan-Walsh, Inc. | Port of New Orleans | Longshoremen | 1965, 1966 and 1970-1985 |
| Lykes Bros Steamship Co., Inc. | Port of New Orleans | Longshoremen | 1969-1975 |
| Coastwise Marine Service of Louisiana | Port of New Orleans | Longshoremen | 1970-1979 |
| Louisiana Stevedores, Inc. | Port of New Orleans | Longshoremen | 1970-1979 |
| Chiquita Brands International, Inc. | Port of New Orleans | Longshoremen | 1970-1976 |
| I T O Corporation | Port of New Orleans | Longshoremen | 1970-1980 and 1983-1984 |
| Cooper-T Smith Stevedoring Co., Inc. | Port of New Orleans | Longshoremen | 1970-1975, 1977, 1979 and 1983 |
| Gulf Stevedore Corp | Port of New Orleans | Longshoremen | 1970 |
| Pelican Stevedoring Company, Inc. | Port of New Orleans | Longshoremen | 1970, 1971, 1973, 1974, 1975 and 1978 |
| James J. Flanagan Shipping Corp. | Port of New Orleans | Longshoremen | 1970-1980, 1982 and 1984 |
| Amstar Corporation | Port of New Orleans | Longshoremen | 1971 and 1973 |
| Dixie Stevedores, Inc. | Port of New Orleans | Longshoremen | 1971-1979 |
| James Stevedores, Inc. | Port of New Orleans | Longshoremen | 1971-1979 |
| James Young & Co., Inc. | Port of New Orleans | Longshoremen | 1971-1979 and 1983-1985 |
| Texla Stevedores, Inc. | Port of New Orleans | Longshoremen | 1972-1976 |
| Gulf Stevedore Corporation | Port of New Orleans | Longshoremen | 1972-1975, 1978-1979 and 1982-1984 |
| Cooper Stevedoring Co., Inc. | Port of New Orleans | Longshoremen | 1972-1973, 1980, and 1983 |
| Atlantic & Gulf Grain Stevedoring | Port of New Orleans | Longshoremen | 1974 |
| Ryan-Walsh Gulf, Inc. | Port of New Orleans | Longshoremen | 1974-1983 |
| Valor Stevedoring co. | Port of New Orleans | Longshoremen | 1979-1984 |
| Empire-United Stevedoring | Port of New Orleans | Longshoremen | 1982-1984 |

### EXHIBIT "B"

1. **American Sugar Refining, Inc.**
   (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a
   Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American
   Sugar Refinery)
   a Delaware corporation authorized to do and doing business in the state of
   Louisiana, with an agent for service in the state of Louisiana, to-wit:  Corporate
   Creations Network, Inc., 1100 Poydras Street, #2900, New Orleans, LA 70163

2. **BCI Acquisitions, Inc.**
   (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
   a corporation duly organized, created and existing under and by virtue of the
   laws of the state of Texas, with its principal place of business in Houston, Texas,
   and with an agent of service in the state of Louisiana, to wit: Cecily S. Salley, 832
   East Boston St., #2, Covington, LA 70433

3. **Buck Kreihs Company, Inc.**
   a corporation duly organized, created and existing under and by virtue of the
   laws of the state of Louisiana, with its principal place of business in Mandeville,
   Louisiana and with an agent of service in the state of Louisiana, to-wit :
   Jacqueline Kreighs Tonguis, 1279 Clausel St., Mandeville, LA  70448

4. **Cooper/T. Smith Stevedoring Company**
   f/k/a Cooper Stevedoring of Louisiana, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and
   with an agent for service in the state of Louisiana, to-wit:  C T Corporation
   System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

5. **Crowley Marine Services, Inc.**
   f/k/a  Delta Steamship Lines, Inc.
   a Delaware Corporation authorized to do and doing business in Louisiana, and
   with an agent for service in the state of Louisiana, to-wit:  C T Corporation
   System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

6. **Dixie Machine, Welding & Metal Works, Inc.**
   a foreign corporation, licensed to do and doing business in the State of Louisiana
   with their agent for service of process to wit:  Vicki H. Kihnemann, 5801 Citrus
   Blvd., Harahan, Louisiana  70123

7. **Eagle, Inc.**
   (Formerly Eagle Asbestos & Packing Co., Inc.
   a corporation duly organized, created and existing under and by virtue of the
   laws of the state of Louisiana, with its principal place of business in New
   Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit:
   Susan B. Kohn, Simon, Peragine, Smith & Redfearn, Energy Centre, 1100 Poydras
   Street - 30th Floor, New Orleans, LA 70163-3000

8. **James J. Flanagan Shipping Corporation**
   a corporation duly organized, created and existing under and by virtue of the
   laws of the state of Texas, with its principal place of business in Beaumont,
   Texas, and who may be served via the Louisiana Long Arm Statute, to-wit:
   James M. Davin, 1003 Wirt Rd., #306, Houston, TX 77055

9. **The McCarty Corporation**
   a corporation duly organized, created and existing under and by virtue of the
   laws of the state of Louisiana, with its principal place of business in Baton Rouge,
   Louisiana and with an agent for service in the state of Louisiana, to-wit:  Paul H.

Spaht, 445 North Boulevard, Suite 300, Baton Rouge, LA 70802

10.  **Ports America Gulfport, Inc.**
     f/k/a P & O Ports Gulfport, Inc.
     f/k/a I.T.O Corporation
     f/k/a Atlantic & Gulf Stevedores, Inc.
     a Delaware Corporation authorized to do and doing business in Louisiana, and
     with an agent for service in the state of Louisiana, to-wit:  C T Corporation
     System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

11.  **SSA Gulf Terminals, Inc.**
     f/k/a Ryan-Walsh Stevedoring Company, Inc.
     a corporation duly organized, created and existing under and by virtue of the
     laws of the state of Louisiana, with its principal place of business in New
     Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit:
     C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

21

<u>EXHIBIT "C"</u>

**CONTRACTORS:**

1.    **Buck Kreihs Company, Inc.**
        a corporation duly organized, created and existing under and by virtue of the
        laws of the state of Louisiana, with its principal place of business in Mandeville,
        Louisiana and with an agent of service in the state of Louisiana, to-wit :
        Jacqueline Kreihs Tonguis, 1279 Clausel St., Mandeville, LA  70448

2.    **Dixie Machine, Welding & Metal Works, Inc.**
        a foreign corporation, licensed to do and doing business in the State of Louisiana
        with their agent for service of process to wit:  Vicki H. Kihnemann, 5801 Citrus
        Blvd., Harahan, Louisiana  70123

3.    **Eagle, Inc.**
        (Formerly Eagle Asbestos & Packing Co., Inc.)
        a corporation duly organized, created and existing under and by virtue of the
        laws of the state of Louisiana, with its principal place of business in New
        Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit:
        Susan B. Kohn, Simon, Peragine, Smith & Redfearn, Energy Centre, 1100 Poydras
        Street - 30th Floor, New Orleans, LA 70163-3000

**EXHIBIT "D"**

**EMPLOYERS:**

1.   **American Sugar Refining, Inc.**
     (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a
     Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American
     Sugar Refinery)
     a Delaware corporation authorized to do and doing business in the state of
     Louisiana, with an agent for service in  the state of Louisiana, to-wit:  Corporate
     Creations Network, Inc., 1100 Poydras Street, #2900, New Orleans, LA 70163

2.   **BCI Acquisitions, Inc.**
     (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
     a corporation duly organized, created and existing under and by virtue of the
     laws of the state of Texas, with its principal place of business in Houston, Texas,
     and with an agent of service in the state of Louisiana, to wit: Cecily S. Salley, 832
     East Boston St., #2, Covington, LA 70433

3.   **Cooper/T. Smith Stevedoring Company**
     f/k/a Cooper Stevedoring of Louisiana, Inc.
     a Delaware Corporation authorized to do and doing business in Louisiana, and
     with an agent for service in the state of Louisiana, to-wit:  C T Corporation
     System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

4.   **Crowley Marine Services, Inc.**
     f/k/a  Delta Steamship Lines, Inc.
     a Delaware Corporation authorized to do and doing business in Louisiana, and
     with an agent for service in the state of Louisiana, to-wit:  C T Corporation
     System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

5.   **James J. Flanagan Shipping Corporation**
     a corporation duly organized, created and existing under and by virtue of the
     laws of the state of Texas, with its principal place of business in Beaumont,
     Texas, and who may be served via the Louisiana Long Arm Statute, to-wit:
     James M. Davin, 1003 Wirt Rd., #306, Houston, TX  77055

6.   **Ports America Gulfport, Inc.**
     f/k/a P & O Ports Gulfport, Inc.
     f/k/a I.T.O Corporation
     f/k/a Atlantic & Gulf Stevedores, Inc.
     a Delaware Corporation authorized to do and doing business in Louisiana, and
     with an agent for service in the state of Louisiana, to-wit:  C T Corporation
     System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

7.   **SSA Gulf Terminals, Inc.**
     f/k/a Ryan-Walsh Stevedoring Company, Inc.
     a corporation duly organized, created and existing under and by virtue of the
     laws of the state of Louisiana, with its principal place of business in New
     Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit:
     C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

## EXHIBIT "E"

**PREMISE DEFENDANTS:**

1.   **American Sugar Refining, Inc.**
     (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a
     Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American
     Sugar Refinery)
     a Delaware corporation authorized to do and doing business in the state of
     Louisiana, with an agent for service in the state of Louisiana, to-wit:  Corporate
     Creations Network, Inc., 1100 Poydras Street, #2900, New Orleans, LA 70163

2.   **BCI Acquisitions, Inc.**
     (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
     a corporation duly organized, created and existing under and by virtue of the
     laws of the state of Texas, with its principal place of business in Houston, Texas,
     and with an agent of service in the state of Louisiana, to wit: Cecily S. Salley, 832
     East Boston St., #2, Covington, LA  70433

3.   **Cooper/T. Smith Stevedoring Company**
     f/k/a Cooper Stevedoring of Louisiana, Inc.
     a Delaware Corporation authorized to do and doing business in Louisiana, and
     with an agent for service in the state of Louisiana, to-wit:  C T Corporation
     System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

4.   **Crowley Marine Services, Inc.**
     f/k/a  Delta Steamship Lines, Inc.
     a Delaware Corporation authorized to do and doing business in Louisiana, and
     with an agent for service in the state of Louisiana, to-wit:  C T Corporation
     System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

5.   **James J. Flanagan Shipping Corporation**
     a corporation duly organized, created and existing under and by virtue of the
     laws of the state of Texas, with its principal place of business in Beaumont,
     Texas, and who may be served via the Louisiana Long Arm Statute, to-wit:
     James M. Davin, 1003 Wirt Rd., #306, Houston, TX  77055

6.   **Ports America Gulfport, Inc.**
     f/k/a P & O Ports Gulfport, Inc.
     f/k/a I.T.O Corporation
     f/k/a Atlantic & Gulf Stevedores, Inc.
     a Delaware Corporation authorized to do and doing business in Louisiana, and
     with an agent for service in the state of Louisiana, to-wit:  C T Corporation
     System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

7.   **SSA Gulf Terminals, Inc.**
     f/k/a Ryan-Walsh Stevedoring Company, Inc.
     a corporation duly organized, created and existing under and by virtue of the
     laws of the state of Louisiana, with its principal place of business in New
     Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit:
     C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

PLEASE SERVE THE FOLLOWING DEFENDANTS
WITH A COPY OF PLAINTIFFS' PETITION FOR
DAMAGES AND REQUESTS FOR ADMISSIONS,
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS:

1.   **American Sugar Refining, Inc.**
     (f/k/a TASR, Co., f/k/a Tate & Lyle North American Sugars, Inc., f/k/a
     Domino Sugar Corporation, f/k/a Amstar Sugar Corporation, f/k/a American
     Sugar Refinery)
     Through its agent for service of process:
     Corporate Creations Network, Inc.
     1100 Poydras Street, #2900
     New Orleans, LA 70163

2.   **BCI Acquisitions, Inc.**
     (f/k/a Biehl & Co., Inc., f/k/a J Young & Co., Inc.)
     Through its agent for service of process:
     Cecily S. Salley
     832 East Boston St., #2
     Covington, LA  70433

3.   **Buck Kreihs Company, Inc.**
     Through its agent for service of process:
     Jacqueline Kreihs Tonguis
     1279 Clausel St.
     Mandeville, LA  70448

4.   **Cooper/T. Smith Stevedoring Company**
     Through its agent for service of process:
     C T Corporation System
     8550 United Plaza Boulevard
     Baton Rouge, LA 70809

5.   **Crowley Marine Services, Inc.**
     f/k/a  Delta Steamship Lines, Inc.
     Through its agent for service of process:
     C T Corporation System
     8550 United Plaza Boulevard
     Baton Rouge, LA 70809

6.   **Dixie Machine, Welding & Metal Works, Inc.**
     Through its agent for service of process:
     Vicki H. Kihnemann
     5801 Citrus Blvd.
     Harahan, Louisiana  70123

7.   **Eagle, Inc.**
     Through its agent for service of process:
     Susan B. Kohn
     Simon, Peragine, Smith & Redfearn
     Energy Centre
     1100 Poydras Street - 30th Floor
     New Orleans, LA 70163-3000

8.   **James J. Flanagan Shipping Corporation**
     Through its agent for service of process:
     (may be served pursuant to the Louisiana Long Arm Statute)

James M. Davin
1003 Wirt Rd. #306
Houston, TX  77055

9.    **The McCarty Corporation**
      Through its agent for service of process:
      Paul H. Spaht
      445 North Boulevard, Suite 300
      Baton Rouge, LA 70802

10.   **Ports America Gulfport, Inc.**
      f/k/a P & O Ports Gulfport, Inc.
      f/k/a I.T.O Corporation
      f/k/a Atlantic & Gulf Stevedores, Inc.
      Through its agent for service of process:
      C T Corporation System
      8550 United Plaza Boulevard
      Baton Rouge, LA 70809

11.   **SSA Gulf Terminals, Inc.**
      f/k/a Ryan-Walsh Stevedoring Company, Inc.
      Through its agent for service of process:
      C T Corporation System
      8550 United Plaza Boulevard
      Baton Rouge, LA 70809

2007 DEC 21  P 3: 31

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

CIVIL

**STATE OF LOUISIANA** DISTRICT COURT

NO. 2007-13834                                                    DIV. I

**JOANNIE L. JEFFERSON ET AL.**

**VERSUS**

**AMERICAN SUGAR REFINING, INC.** *ET AL.*

FILED: _____          _____

                                                   **DEPUTY CLERK**

**EXCEPTIONS, ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF
DEFENDANT, COOPER/T. SMITH STEVEDORING COMPANY, INC., TO
PLAINTIFFS' PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes defendant, Cooper/T. Smith

Stevedoring Company, Inc. (improperly named as "Cooper-T. Smith Stevedoring Company,

Inc." and/or "Cooper Stevedoring Company, Inc." and/or "Cooper Stevedoring of Louisiana,

Inc." and hereinafter sometimes referred to as "Cooper/T. Smith"), which responds to plaintiffs'

Petition for Damages as follows:

**EXCEPTIONS TO PLAINTIFFS' PETITION FOR DAMAGES**

Cooper/T. Smith excepts to plaintiffs' Petition for Damages by averring as follows:

1.

Defendant asserts the declinatory exception of *lis pendens*.

2.

Plaintiff has no right and/or cause of action against Cooper/T. Smith.

**ANSWER TO PLAINTIFFS' PETITION FOR DAMAGES**

AND NOW, for its answer to plaintiffs' Petition for Damages, Cooper/T. Smith avers as

follows:

3.

The allegations contained in the introduction of plaintiffs' Petition for Damages do not

require a response from this defendant; however, out of an abundance of caution, to the extent

that a response is deemed necessary, same are denied.

4.

The allegations contained in paragraph 1 of plaintiffs' Petition for Damages are denied.

5.

The allegations contained in paragraph 2 of plaintiffs' Petition for Damages are denied.

6.

The allegations contained in paragraph 3 of plaintiffs' Petition for Damages are denied, except to admit that Cooper/T. Smith is a corporation.

7.

The allegations contained in paragraph 4 of plaintiffs' Petition for Damages are denied.

8.

The allegations contained in paragraph 5 of plaintiffs' Petition for Damages are denied.

9.

The allegations contained in paragraph 6 of plaintiffs' Petition for Damages are denied.

10.

The allegations contained in paragraph 7 of plaintiffs' Petition for Damages are denied.

11.

The allegations contained in paragraph 8 of plaintiffs' Petition for Damages are denied.

12.

The allegations contained in paragraph 9 of plaintiffs' Petition for Damages are denied.

13.

The allegations contained in paragraph 10 of plaintiffs' Petition for Damages are denied.

14.

The allegations contained in paragraph 11 of plaintiffs' Petition for Damages are denied.

15.

The allegations contained in paragraph 12 of plaintiffs' Petition for Damages are denied.

16.

The allegations contained in paragraph 13 of plaintiffs' Petition for Damages are denied.

17.

The allegations contained in paragraph 14 of plaintiffs' Petition for Damages are denied.

18.

The allegations contained in paragraph 15 of plaintiffs' Petition for Damages are denied.

19.

The allegations contained in paragraph 16 of plaintiffs' Petition for Damages are denied.

20.

The allegations contained in paragraph 17 of plaintiffs' Petition for Damages are denied.

21.

The allegations contained in paragraph 18 of plaintiffs' Petition for Damages are denied.

22.

The allegations contained in paragraph 19 of plaintiffs' Petition for Damages are denied.

23.

To the extent that plaintiffs, in paragraph 20 of their Petition for Damages, assert that "[a]ll of the allegations contained in the previous paragraphs are realleged herein," defendant reiterates, reasserts, reavers, realleges and incorporates and adopts by reference all of the allegations, responses, affirmative defenses and prayers in response to any and all such allegations, as if plead herein.

24.

The allegations contained in paragraph 21 of plaintiffs' Petition for Damages are denied.

25.

The allegations contained in paragraph 22 of plaintiffs' Petition for Damages are denied.

26.

The allegations contained in paragraph 23 of plaintiffs' Petition for Damages are denied.

27.

The allegations contained in paragraph 24 of plaintiffs' Petition for Damages are denied.

28.

The allegations contained in paragraph 25 of plaintiffs' Petition for Damages are denied.

29.

The allegations contained in paragraph 26 of plaintiffs' Petition for Damages are denied.

30.

The allegations contained in paragraph 27 of plaintiffs' Petition for Damages are denied.

31.

The allegations contained in paragraph 28 of plaintiffs' Petition for Damages are denied.

32.

The allegations contained in paragraph 29 of plaintiffs' Petition for Damages are denied.

33.

The allegations contained in paragraph 30 of plaintiffs' Petition for Damages are denied.

34.

The allegations contained in paragraph 35 of plaintiffs' Petition for Damages are denied.

34.

The allegations contained in paragraph 36 of plaintiffs' Petition for Damages are denied.

35.

The allegations contained in paragraph 37 of plaintiffs' Petition for Damages are denied.

36.

The allegations contained in paragraph 38 of plaintiffs' Petition for Damages are denied.

37.

The allegations contained in paragraph 39 of plaintiffs' Petition for Damages are denied.

38.

The allegations contained in paragraph 40 of plaintiffs' Petition for Damages are denied.

39.

The allegations contained in paragraph 41 of plaintiffs' Petition for Damages are denied.

40.

The allegations contained in paragraph 42 of plaintiffs' Petition for Damages are denied.

41.

The allegations contained in paragraph 43 of plaintiffs' Petition for Damages are denied.

42.

The allegations contained in paragraph 44 of plaintiffs' Petition for Damages are denied.

43.

The allegations contained in paragraph 45 of plaintiffs' Petition for Damages are denied.

44.

The allegations contained in paragraph 46 of plaintiffs' Petition for Damages are denied.

4

45.

The allegations contained in paragraph 47 of plaintiffs' Petition for Damages are denied.

46.

The allegations contained in paragraph 48 of plaintiffs' Petition for Damages are denied.

47.

The allegations contained in paragraph 49 of plaintiffs' Petition for Damages are denied.

48.

The allegations contained in paragraph 50 of plaintiffs' Petition for Damages are denied.

49.

The allegations contained in paragraph 51 of plaintiffs' Petition for Damages are denied.

50.

The allegations contained in the prayer of plaintiffs' Petition for Damages are denied.

**<u>AFFIRMATIVE DEFENSES TO PLAINTIFFS' PETITION FOR DAMAGES</u>**

AND NOW, for its affirmative defenses to plaintiffs' Petition for Damages, Cooper/T. Smith avers as follows:

51.

Plaintiffs' claims against Cooper/T. Smith are barred by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*

52.

Plaintiffs' claims against Cooper/T. Smith are barred by LSA-R.S. § 23:1021 *et seq.*, the Louisiana Workers' Compensation Act.

53.

There was no fault, neglect or other basis for liability or responsibility on the part of Cooper/T. Smith, with respect to the incident complained of.

54.

Inasmuch as plaintiffs' alleged loss of consortium claims against Cooper/T. Smith arose/accrued after 1982, but are based upon allegedly-significant exposures that occurred before 1982, plaintiffs have no cause of action for loss of consortium.

55.

Inasmuch as plaintiffs' alleged loss of care, maintenance, support, services, advice and counsel claims are merely components of and are encompassed within their alleged loss of consortium claims, plaintiffs have no cause of action for loss of love, affection, support, services, society or quality of life.

56.

In the alternative, Cooper/T. Smith avers that the damages alleged by plaintiffs, if any exist, which is specifically denied, were caused solely by the fault and negligence of Roosevelt Magee, *i.e.* Roosevelt Magee's assumption of the risk, contributory negligence and/or comparative fault, or by others for whom Cooper/T. Smith has no responsibility, which precludes and/or bars and/or diminishes plaintiffs' recovery herein.

57.

Cooper/T. Smith further avers that, if it is found that plaintiffs suffered damages as a result of the negligence of anyone for whom Cooper/T. Smith could or might be responsible, which is specifically denied, the damages of plaintiffs were also caused by and/or contributed to by and/or aggravated by plaintiffs' own negligence, i.e. plaintiffs' assumption of the risk, contributory negligence and/or comparative fault, and/or the negligence of others for whom Cooper/T. Smith is not responsible, and Cooper/T. Smith is entitled to have any award or recovery mitigated and reduced accordingly.

58.

Plaintiffs' fault constitutes a superceding cause, thus barring any recovery therein.

59.

Cooper/T. Smith pleads the affirmative defenses of prescription, estoppel, and the applicable statute of limitations.

60.

Plaintiffs suffer from pre-existing conditions and/or suffered a subsequent accident, which serves to bar or diminish any recovery herein.

61.

Cooper/T. Smith specifically reserves its right to further amend and amplify these answers and defenses as further discovery may warrant.

6

62.

Plaintiffs have failed to take reasonable steps to mitigate their damages, if any.

63.

Cooper/T. Smith specifically reserves its right to file third-party complaints, counterclaims and/or cross-claims such as the facts may disclose and/or warrant.

64.

Cooper/T. Smith further avers that, if it is found that plaintiffs suffered damages and are entitled to any award, which is specifically denied, then any such award should be reduced to the extent of any settlement and/or releases of any persons, companies or entities, whether a party or not, and whether said settlement and/or release occurs prior to or subsequent to the filing of the original or any supplemental petition herein.

65.

Any and all allegations not specifically admitted above are denied.

66.

Cooper/T. Smith is entitled to and specifically prays for trial by jury on all issues raised herein.

WHEREFORE, defendant, Cooper/T. Smith, prays that its Exceptions, Answer, Affirmative Defenses and Jury Demand filed in response to plaintiffs' Petition for Damages be deemed good and sufficient and that, after due proceedings be had, there be a judgment herein in favor of Cooper/T. Smith, dismissing plaintiffs' claims, with prejudice, at his sole cost, and for all relief as may be deemed equitable and just.

Respectfully submitted:

**ADAMS AND REESE LLP**

MARK J. SPANSEL (#12314)
EDWIN C. LAIZER (# 17014)
TYSON B. SHOFSTAHL (# 21084)
ROLAND M. VANDENWEGHE, JR. (# 25283)
4500 One Shell Square
New Orleans, Louisiana 70139
Tel: 504-581-3234
Fax: 504-566-0210
*Attorneys for Defendant,*
*Cooper/T. Smith Stevedoring Company, Inc.*

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

7

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Exceptions, Answer, Affirmative Defenses and Jury Demand of Defendant, Cooper/T. Smith Stevedoring Company, Inc. to Plaintiffs' Petition for Damages has this date been served on all counsel of record in this proceeding by:

( )    Hand Delivery              ( )    Prepaid U. S. Mail

(X)    Facsimile                   ( )    Other

New Orleans, Louisiana, this 21st day of December, 2007.

ROLAND M. VANDENWEGHE, JR.

8

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 07-13834                                                SECTION 14

JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON,
RYAN F. JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON,
BRAD A. JEFFERSON, AND LISA M. WILLIAMS

**FILED**
NOV - 9 2007
DEPUTY CLERK
CIVIL DISTRICT COURT

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED: _____          _____
                                          **DEPUTY CLERK**

**EXCEPTIONS, ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF
OF, SSA GULF, INC., IN RESPONSE TO PLAINTIFFS' PETITION FOR DAMAGES**

NOW INTO Court, through undersigned counsel, comes defendant, SSA Gulf Inc., ("SSA

Gulf") and submits the following Exceptions, Answer and Affirmative Defenses in response to

Plaintiffs' Petition for Damages:

**EXCEPTIONS**

**1. Lis Pendens**

Upon information and belief, decedent Thomas Jefferson is a named plaintiff in other actions

previously filed in Louisiana courts, based upon the same or similar causes of action as asserted in

the instant action. Defendant therefore asserts the exception of lis pendens as to this action.

**2. Non-Conformity**

Defendant asserts that plaintiffs' petition fails to comply with the requirements of Louisiana

Code of Civil Procedure articles 891 and 856, and therefore asserts the exception of non-conformity

pursuant to LSA-C.C.P. art. 926. Specifically, defendant asserts that plaintiffs' petition fails to set

forth "a short, clear, and concise statement of . . . the material facts . . . pertinent to this defendant," as

required by LSA-C.C.P. arts. 891(A) and 856.

**3. Vagueness and Ambiguity**

Defendant asserts that plaintiffs' petition is impermissibly vague and ambiguous.

Specifically, plaintiffs' petition asserts various allegations against this defendant based upon alleged

CIVIL DISTRICT COURT
402 CIVIL COURTS BUILDING
421 LOYOLA AVE. ROOM 402
NEW ORLEANS, LA 70112
504 592-9100
-------------------------------------
DATE: 11/13/2007 at 13:11
CASE#: 2007 - 13834  SEC: 14

                         PRICE      PAID        BAL
EXCEPTION                $60.00 $   $60.00 $    0.00
ANSWER                   $174.00 $  $174.00 $   0.00
APPORTIONMENT            $600.00 $  $600.00 $   0.00
FAX FEES                 $47.50 $   $47.50 $    0.00
TOTAL PAID CASE # 2007138341  $881.50
RECEIPT TOTAL $881.50
AMOUNT RECEIVED $881.50
-------------------------------------

ENTERED RULE DOCKET/COMPUTER _____
SERVICE COPIES TO SHERIFF _____
CARD WITH RULE DATE MAILED _____
COPY OF DOCUMENT MAILED _____
RULE DATE RECEIVED _____



defects in products and premises, but fails to identify any such products or premises directly related to this defendant. This insufficiency is fatal to plaintiffs' claims in light of the fact that this defendant is neither a product manufacturer nor an owner of any premise at which plaintiffs' defendant ever worked and was exposed to asbestos.

### 4. Lack of Procedural Capacity

Plaintiffs in this action assert that they are the statutory heirs of decedent, Thomas Jefferson, but have provided no evidence in support thereof. Out of an abundance of caution, defendant asserts the exception of lack of procedural capacity as to all plaintiffs named in this action.

### 5. Res Judicata/Claim Preclusion

As noted above, Thomas Jefferson is a named plaintiff in other actions previously filed in Louisiana courts, based upon the same or similar causes of action as asserted in the instant action. Out of an abundance of caution, defendant asserts the exception of res judicata and/or claim preclusion as to all claims asserted in the instant matter.

### 6. No Cause of Action

Plaintiffs' petition asserts claims for various damages, including damages for loss of care, services and support. Such damages are properly encompassed within wrongful death actions and/or claims for loss of consortium. Under the law governing this action, neither are available to plaintiffs against this defendant. Therefore, defendant asserts the exception of no cause of action as such claims.

### 7. No Right of Action

For the reasons asserted above related to the exception of lack of procedural capacity, defendant asserts the exception of no right of action for the plaintiffs in this matter to seek damages on behalf of decedent, Thomas Jefferson.

### ANSWER TO PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES

1.

The allegations of Paragraph 1 are denied as said allegations may pertain to this defendant.

2.

The allegations in Paragraph 2 are denied.

2

3.

The allegations of Paragraph 3 are denied as said allegations may pertain to this defendant.

4.

The allegations of Paragraph 4 are denied as said allegations may pertain to this defendant.

5.

The allegations of Paragraph 5 are denied as said allegations may pertain to this defendant.

6.

The allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 are denied as said allegations may pertain to this defendant.

8.

The allegations of Paragraph 8 are denied as said allegations may pertain to this defendant.

9.

The allegations of Paragraph 9 are denied as said allegations may pertain to this defendant.

10.

The allegations of Paragraph 10 are denied as said allegations may pertain to this defendant.

11.

The allegations of Paragraph 11 are denied as said allegations may pertain to this defendant.

12.

The allegations of Paragraph 12 are denied as said allegations may pertain to this defendant.

13.

The allegations of Paragraph 13 are denied as said allegations may pertain to this defendant.

14.

The allegations of Paragraph 14 are denied for lack of sufficent information to justify a belief therein.

3

15.

The allegations of Paragraph 15 are denied as said allegations may pertain to this defendant.

16.

The allegations of Paragraph 16 are denied.

17.

The allegations of Paragraph 17 are denied.

18.

The allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 are denied as said allegations may pertain to this defendant.

20.

In response to the allegations of Paragraph 20, defendant incorporates by reference herein. Its responses to the foregoing allegations.

21.

The allegations of Paragraph 21 are denied as said allegations may pertain to this defendant.

22.

The allegations of Paragraph 22 are denied as said allegations may pertain to this defendant.

23.

The allegations of Paragraph 23 are denied as said allegations may pertain to this defendant.

24.

The allegations of Paragraph 24 are denied as said allegations may pertain to this defendant.

25.

The allegations of Paragraph 25 are denied as said allegations may pertain to this defendant.

26-35.

The allegations of Paragraphs 26-35 do not appear to pertain to this defendant and thus do not require a response.  Out of an abundance of caution, the allegations of Paragraphs 26-35 are denied for lack of sufficient information to justify a belief therein.

36.

The allegations of Paragraph 36 are denied as said allegations may pertain to this defendant.

37.

The allegations of Paragraph 37 are denied as said allegations may pertain to this defendant.

38.

The allegations of Paragraph 38 are denied as said allegations may pertain to this defendant.

39.

The allegations of Paragraph 39 are denied as said allegations may pertain to this defendant.

40.

The allegations of Paragraph 40 are denied as said allegations may pertain to this defendant.

41.

The allegations of Paragraph 41 are denied as said allegations may pertain to this defendant.

42.

The allegations of Paragraph 42 are denied as said allegations may pertain to this defendant.

43.

The allegations of Paragraph 43 are denied as said allegations may pertain to this defendant.

44.

The allegations of Paragraph 44 are denied as said allegations may pertain to this defendant.

45.

The allegations of Paragraph 45 are denied as said allegations may pertain to this defendant.

46.

The allegations of Paragraph 46 are denied as said allegations may pertain to this defendant.

47.

The allegations of Paragraph 47 are denied as said allegations may pertain to this defendant.

48.

In response to the allegations of Paragraph 48, defendant incorporates by reference herein. Its responses to the foregoing allegations.

49.

The allegations of Paragraph 49 are denied as said allegations may pertain to this defendant.

50.

The allegations of Paragraph 50 are denied as said allegations may pertain to this defendant.

51.

The allegations of Paragraph 51 are denied as said allegations may pertain to this defendant.

AND NOW, further answering plaintiffs' Petition for Damages, Defendant, SSA Gulf, Inc., asserts the following Affirmative Defenses:

## AFFIRMATIVE DEFENSES

1.

Plaintiff's state law claims in this case are barred and preempted by the terms and provisions of the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 901, et seq.

2.

SSA Gulf avers that plaintiff's claims are barred by his own contributory and/or comparative negligence and assumption of risk, consisting, without limitation, of the following non-exclusive particulars:

1.   Failure to properly protect himself against hazards about which he knew or should have known;

2.   Failure to wear proper protective equipment;

3.   Failure to follow instructions of his superiors; and

4.   Any and all other negligent acts or omissions which may be discovered or proved at the trial of this matter.

3.

SSA Gulf avers that the injuries and damages alleged in the Petition, which injuries are expressly denied, were caused by the negligence, strict liability or fault of third-parties for whom SSA Gulf is not liable.

4.

SSA Gulf avers that all claims alleged herein against this defendant, are barred, in whole or in part, by prescription.

5.

SSA Gulf avers that plaintiff has failed to mitigate any damages sustained.

6.

SSA Gulf avers that plaintiff's alleged injuries did not occur as a result of exposure to asbestos, but were approximately caused by other medical conditions, including, but not limited to, health conditions related to tobacco use.

7.

SSA Gulf avers that it is entitled to a credit for the virile portion or percentage of fault attributable to any and all settling defendants and/or non-defendant entities.

7

8.

SSA Gulf avers that any claim for punitive damages herein is unconstitutional, and is further proscribed under Louisiana law.

9.

SSA Gulf avers that any claim based on any theory of strict liability or liability without fault is unconstitutional in that it seeks to impair the redress of grievances and intends to deprive SSA Gulf of property without due process of law. SSA Gulf further avers that it is not legally responsible to plaintiff under any theory of strict liability for any injury, loss of damage, as a result of plaintiff's contact with, or exposure to, or use of any asbestos-containing product prior to June 28, 1971, when the Louisiana Supreme Court decided the case of *Weber v. Fidelity & Casualty Company of New York*, 250 So. 2d 754 (La. 1971).

10.

SSA Gulf avers that plaintiff's injuries, if any, which are specifically and expressly denied, were neither caused by nor contributed to by SSA Gulf nor anyone for whom it could or may have been responsible herein. Rather, said injuries, which are specifically and expressly denied, were caused by the negligence and fault of other parties and concerns over which this third party defendant has no duty or control.

11.

If plaintiff was exposed to products containing asbestos, which is denied, such exposure did not occur as a result of the fault or exposure to any products under the care, custody and control of any party for whom SSA Gulf may be held responsible, or on the premises of anyone for whom SSA Gulf may be held responsible.

12.

Plaintiff was not exposed to any asbestos materials by any act or omission of anyone for whom SSA Gulf may be held responsible, or, if such exposure occurred, which is denied, such exposure was of insufficient quantities and such infrequent intervals, or for such short periods of times, or under conditions as to amount to no proximate cause of plaintiff's damages, if any, as a matter of law.

8

13.

SSA Gulf avers the underlying demands are barred by the exclusive remedy provisions of

the Longshore and Harbor Workers' Compensation Act, 33 U.S. C. 901, et seq., and/or the

exclusive remedy provisions of the Louisiana Workers' Compensation Act, La. Rev. Stat.

23:1021, et seq.

NOV - 9 2007

DEPUTY CLERK
CIVIL DISTRICT COURT

14.

SSA Gulf pleads any and all other defenses available to it under the Louisiana Civil

Code, Louisiana Code of Civil Procedure, Louisiana Revised Statutes, and Louisiana Law.

15.

SSA Gulf adopts all affirmative defenses, if any, not specifically set out in this Answer

but asserted by any other defendant in this case.

SSA Gulf reserves the right to supplement and amend its answers and defenses.

16.

SSA Gulf requests a trial by jury on all issues.

**WHEREFORE**, considering the foregoing, defendant, SSA Gulf, Inc., prays that its

Exceptions be maintained, and that this matter be dismissed as to SSA Gulf, or, in the alternative,

that after due proceedings are had, this matter be dismissed, with prejudice, and at plaintiffs' sole

cost.

Respectfully submitted:

RICHARD P. SULZER #21150
ROBERT E. WILLIAMS, IV, #19217
201 Holiday Boulevard, Suite 335
Covington, Louisiana 70433
Telephone: (985) 898-0608
Facsimile: (985) 898-0871
Attorneys for SSA Gulf, Inc.


A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

9

**CERTIFICATE OF SERVICE**

By my signature hereinabove, I hereby certify that a true and correct copy of the above and foregoing pleading was sent by fax and U.S. Mail, postage prepaid and properly addressed to counsel for plaintiff this November 9, 2007 and will be served upon known defense counsel at their request.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 07-13834                                                    SECTION 14

JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON,
RYAN F. JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON,
BRAD A. JEFFERSON, AND LISA M. WILLIAMS

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED: _____

**FILED**
**NOV - 9 2007**
DEPUTY CLERK
CIVIL DISTRICT COURT

_____
DEPUTY CLERK

## MEMORANDUM IN SUPPORT OF EXCEPTIONS
## ON BEHALF OF DEFENDANT, SSA GULF, INC.

### 1. Lis Pendens

Upon information and belief, decedent Thomas Jefferson is a named plaintiff in other asbestos actions previously filed in Louisiana courts, specifically, Quincy L. Adams, Jr., et al v. Owens-Corning Fiberglass Corp., et al, 18th Judicial District Court, No. 050703, Div. A and Robert Lee Bickham, et al, v. Metropolitan Life Ins. Co., et al, 22nd Judicial District Court, No. 70760, Div. E.  LSC-C.C.P. Art. 531 instructs that, "When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed..."  Investigation is ongoing to determine the identify of parties and the nature of claims asserted in these multiple actions. Defendant will brief this exception in further detail as appropriate.  In the interim, in order to preserve this exception, defendant asserts the exception of lis pendens as to this action.

### 2. Non-Conformity

To the extent plaintiffs' petition may be construed so as to assert a cause of action against SSA Gulf, Inc. based upon fraud, said allegations are not set forth with specificity as required by LSA-C.C.P. Art. 891 and Art. 856.  Article 856 of the Louisiana Code of Civil Procedure provides, in pertinent part, that, "in pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged in particularity."  Plaintiff's petition makes no specific allegations regarding SSA Gulf, Inc. in conjunction with any alleged acts of fraud, misrepresentation or

VERIFIED

conspiracy. As such, plaintiff has failed to meet the specific pleading requirements set forth in the Louisiana Code of Civil Procedure.

### 3. Vagueness and Ambiguity

Plaintiffs' petition asserts general allegations against various groups of defendants, but contains no allegations setting forth with specificity the actions or inactions of this particular defendant allegedly giving rise to plaintiffs' injuries. Furthermore, it appears that claims are asserted against this defendant among classes of defendants called "defendants", "employer defendants" and "premise defendants". Allegations asserted against the first general class of defendants appear to pertain to product hazards and/or defects. However, plaintiffs' petition does not identify any particular product allegedly manufactured or distributed by this defendant which purportedly caused or contributed to plaintiffs' alleged injuries. This is perhaps not surprising, as this defendant is not now nor has it ever been a product manufacturer or supplier.

Plaintiffs also assert various allegations against this defendant apparently based upon certain legal theories associated with premises liability. The petition does not identify any particular premise allegedly owned or controlled by this defendant, nor when or how plaintiffs were allegedly injured as a result of any alleged defects in such premises. Again, the lack of specificity as to these allegations may be explained by the fact that this defendant does not own or control any premises wherein plaintiffs allege any injury.

LSA-C.C.P. Art. 891 requires that a petition contain a "short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation..." In the instant matter, plaintiffs' petition fails to meet even these minimum requirements. Generic allegations asserted against broad classes of defendants, coupled with vague allegations clearly inapplicable to this defendant, preclude defendant from properly responding to and defending against such allegations. As such, defendant asserts that plaintiffs' petition is impermissibly vague and ambiguous.

### 4. Lack of Procedural Capacity

Plaintiffs in this action assert that they are the statutory heirs of decedent, Thomas Jefferson, but have provided no evidence in support thereof. Out of an abundance of caution, defendant asserts the exception of lack of procedural capacity as to all plaintiffs named in this action. Upon production of sufficient evidence to establish that each of the named plaintiffs in this

2

action is entitled under applicable law (specifically LSA-C.C. Art. 2315.1), to assert a cause of

action on behalf of decedent, Thomas Jefferson, defendant will withdraw this exception.  In the

event further investigation reveals that one or more plaintiffs in this action is lacking proper legal

capacity to pursue such causes of action, defendant will brief this exception in further detail.

### 5. Res Judicata/Claim Preclusion

As noted above, Thomas Jefferson is a named plaintiff in other actions previously filed in

Louisiana courts, based upon the same or similar causes of action as asserted in the instant action.

Out of an abundance of caution, defendant asserts the exception of res judicata and/or claim

preclusion as to all claims asserted in the instant matter.  Defendant will brief this exception in

further detail upon completion of further investigation.

### 6. No Cause of Action

Plaintiffs' petition asserts claims for various damages, including damages for "loss of the

care, maintenance, services, support, advice, counsel and consortium which Plaintiffs' Decedent

family members received from the decedent prior to his illness and death" as well as "[r]easonable

funeral and burial expenses".  See, Petition for Damages, Par. 51(g) and (e).  Such damages are

properly encompassed within wrongful death actions and/or claims for loss of consortium.  Under

the law governing this action, neither are available to plaintiffs against this defendant.  Therefore,

defendant asserts the exception of no cause of action as such claims.

It is well settled that Louisiana law did not recognize a cause of action for loss of

consortium until 1982.  See, *Landry v. Avondale Industries*, 864 So.2d 117, 2003-719 (La.

12/3/03).  In the instant matter, plaintiffs allege the actions giving rise to decedent's alleged

injuries occurred well before 1982, at a time when such damages were not available.  Therefore,

plaintiffs have no cause of action for damages related to loss of consortium.

Plaintiffs' petition asserts that plaintiffs are pursuing a "survival action" on behalf of

decedent, Thomas Jefferson.  See,  Petition for Damages, Par. 6.  However, as noted above,

plaintiffs' prayer seeks damages for various alleged post-death losses sustained by the decedent's

heirs.  Pursuant to LSA-C.C. Art. 2315.1, a survival action is limited to recovery of "all damages

for injury to [the deceased] person...".  Survival action damages are limited to damages sustained

by the decedent up until the time of death.  In the petition for damages, plaintiffs are seeking

recovery for their own alleged losses resulting from the death of the decedent, which are expressly

3

provided for in wrongful death actions. See, LSA-C.C. Art. 2315.3. Louisiana courts have

consistently recognized that a cause of action for wrongful death damages does not arise until the

time of death. At the time of decedent's death, on December 25, 2006 according to plaintiffs'

petition, Louisiana law barred any claim for wrongful death asserted against an employer by the

heirs of an employee. See, *Landry*, supra.

In light of the foregoing, plaintiffs' petition fails to state a valid cause of action against this

defendant for any claims which are based upon loss of consortium or for personal damages of the

heirs allegedly resulting from decedent's death.

### 7. No Right of Action

For the reasons asserted above related to the exception of lack of procedural capacity,

defendant asserts that plaintiffs in this matter have no right of action to seek damages on behalf of

decedent, Thomas Jefferson.

WHEREFORE, defendant, SSA Gulf, Inc., prays that its exceptions by maintained and that

plaintiffs' claims against SSA Gulf, Inc. be dismissed, with prejudice, and at plaintiffs' sole cost.

Respectfully submitted,

_____

RICHARD P. SULZER, #21150
ROBERT E. WILLIAMS, IV, #19217
201 Holiday Boulevard, Suite 335
Covington, Louisiana 70433
(985) 898-0608 Telephone
(985) 898-0871 Facsimile
Attorneys for SSA Gulf, Inc.

### CERTIFICATE OF SERVICE

By my signature hereinabove, I hereby certify that a true and correct copy of the above and

foregoing pleading was sent by fax and U.S. Mail, postage prepaid and properly addressed to

counsel for plaintiff this November 9, 2007, and will be served upon known defense counsel at

their request.

A TRUE COPY

_____
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

4

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO.: 07-13834                                                     SECTION 14

**JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON, RYAN F. JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON, BRAD A. JEFFERSON, AND LISA M. WILLIAMS**

**VERSUS**

**AMERICAN SUGAR REFINING, INC., ET AL**

FILED: _____        _____
                                                        **DEPUTY CLERK**

FILED
NOV - 9 2007
DEPUTY CLERK
CIVIL DISTRICT COURT

### REQUEST FOR WRITTEN NOTICE

NOW INTO COURT, through undersigned counsel, comes defendant, SSA Gulf, Inc. and makes the following requests:

1.

Pursuant to LSA-C.C.P. Article 1572, defendant requests written notice of ten (10) days in advance of the date fixed for the trial or hearing on any exceptions, motions or rules on the merits of the captioned suit.

2.

Pursuant to LSA-C.C.P. Articles 1913 and 1914, defendant requests immediate notice of all interlocutory and final orders and judgments on any exceptions, motions or rules on the merits of the captioned suit.

WHEREFORE, the premises considered, defendant, SSA Gulf, Inc., requests that it be furnished with the above-specified information.

Respectfully submitted,

_____
RICHARD P. SULZER, #21150
201 Holiday Boulevard, Suite 335
Covington, Louisiana  70433
(985) 898-0608
Attorney for SSA Gulf, Inc.

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon

plaintiff's counsel via U.S. Mail, postage pre-paid this _____ day of _____, 2007,

will be made available to all known defense counsel upon request.

_____
RICHARD P. SULZER

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 07-13834                                    DIVISION: " I " (14)

JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON, RYAN J. JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON, BRAD A. JEFFERSON, AND LISA M. WILLIAMS

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED:_____          _____
                                              DEPUTY CLERK

## ANSWER AND DEFENSES TO
## PLAINTIFFS' ORIGINAL PETITIONS FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes defendant, Buck Kreihs Company, Inc.("Buck Kreihs") who provides the following Answer and Defenses in response to plaintiffs' Petition for Damages as follows:

I.

Defendant reserves the right to adopt any and all Exceptions pled by any and all defendants herein.

AND NOW, responding to the individual paragraphs of the plaintiffs' Petition, Buck Kreihs responds as follows:

## ANSWER TO ORIGINAL PETITION

II.

The allegations of Paragraphs 1 and 2 are denied.

III.

The allegations of Paragraph 3, are denied for lack of sufficient information to justify a belief therein except to admit the status of Buck Kreihs as a domestic corporation licensed to do and doing business in the state of Louisiana.

IV.

The allegations of Paragraphs 4 and 5 are denied.



1

V.

The allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations of Paragraphs 7 through 19 are denied.

VII.

The allegations of Paragraph 20 are answered by reference to this defendant's foregoing Answer and Defenses as if copied herein *in extenso*.

VIII.

The allegations of Paragraphs 21 through 25 are denied.

IX.

The allegations of Paragraphs 26 are denied for lack of sufficient information to justify a belief therein.

X.

The allegations of Paragraphs 27 through 35 are denied.

XI.

The allegations of Paragraphs 36 through 41 do not apply to this defendant. However, should an answer be deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations of Paragraphs 42 through 45 do not apply to this defendant. However, should an answer be deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations of Paragraphs 46 and 47 do not apply to this defendant. However, should an answer be deemed necessary, those allegations are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations of Paragraph 48 are answered by reference to this defendant's foregoing Answer and Defenses as if copied herein *in extenso*.

2

XV.

The allegations of Paragraphs 49 through 51 are denied.

### AFFIRMATIVE DEFENSES

XVI.

Further answering, defendant denies that any product used by Buck Kreihs caused any damages to the plaintiffs' decedent.

XVII

Further answering, defendant avers that plaintiffs' decedent did not use and was not exposed to any product used by Buck Kreihs. Alternatively, defendant avers that if plaintiffs' decedent were exposed to any product used by Buck Kreihs, that such exposure was insufficient to cause any injury or damage to plaintiffs' decedent.

XVIII.

Further answering, defendant avers that some or all of the plaintiffs' claims are barred, in whole, or in part, by prescription.

XIX.

Further answering, and in the alternative, defendant avers that if any injuries or illnesses were sustained by the plaintiffs' decedent, which are denied, then said injuries or illnesses resulted solely and exclusively from the negligence and/or fault of plaintiffs' decedent in the following non-exclusive particulars:

    a.    Failure to use safety devices such as masks and respirators for breathing while in the presence of dust-laden air;

    b.    Failure to request the use of such masks and respirators from his employers;

    c.    Failure to cease working in an environment of asbestos and/or silica dust-laden air, knowing that he was working with asbestos-containing insulation products and that he was inhaling silica and/or asbestos fiber;

    d.    Failure to cease working in an environment of chemicals, chemical fumes, welding fumes and/or other toxic substances, knowing that he was working with and around those substances and that he was inhaling the fumes of those substances;

    e.    Failure to take routine precautions to ensure his own safety;

    f.    Failure to act as a reasonably prudent person under the same or similar circumstances;

g.    Any and all other acts of negligence or fault as may be proven at the trial of this

matter.

## XX.

Further answering, and in the alternative, and as a result of the aforementioned acts of

negligence and/or fault committed by plaintiffs' decedent, defendant avers that plaintiffs' claims for

damages should be completely barred or reduced by the percentage of fault attributable to plaintiffs'

decedent.

## XXI.

Further answering, defendant alternatively avers that plaintiffs' damages, if any, were caused

by the fault and/or negligence of persons other than defendant, and specifically, by the products

manufactured, supplied, sold or installed by others and/or by the cigarette smoking of plaintiffs's

decedent or others in their vicinity, or by exposure to other substances to be proved at trial, all of

which fault constitutes comparative fault and/or comparative causation.

## XXII.

Further answering, defendant alternatively avers that it is entitled to a set-off, reduction or

credit for a pro rata virile share, for each of the defendants, named in the Petition or unnamed, whose

products or conduct are shown to have caused plaintiffs' damages, and/or who may compromise their

claims with the plaintiffs prior to trial, including all such parties named or unnamed, in bankruptcy

or not, who are found to have caused or contributed to plaintiffs' damages.

## XXIII.

Further answering, in the alternative, defendant denies that it is jointly and severally liable

in solido with any other party, and denies that it is liable for the fault of any other party named or

unnamed.

## XXIV.

Further answering, and in the alternative, defendant affirmatively avers that the plaintiffs are

not entitled to damages as there is no evidence that plaintiffs' decedent's injuries were in any way

caused by any alleged exposure to asbestos products allegedly used by Buck Kreihs, during the

decedent's course of employment.

## XXV.

Buck Keihs further avers that plaintiffs failed to take reasonable steps to mitigate their

damages.

4

**WHEREFORE**, the premises considered, defendant, Buck Kreihs, prays that this Answer

be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in

favor of Buck Kreihs,  and against the plaintiffs, dismissing plaintiffs' petition at plaintiffs'

cost, and for all general and equitable relief afforded by the premises.

Respectfully submitted:
MONTGOMERY, BARNETT, BROWN, READ,
HAMMOND & MINTZ

BY:

LAWRENCE G. PUGH, III (#17351)
H. PHILIP RADECKER, JR. (#17102)
3300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana  70163
(504) 585-3200
Counsel for Buck Kreihs Company, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all

parties to this proceeding, by First Class United States mail, properly addressed and postage prepaid

and/or by electronic transmission on this 8th day of November, 2007.

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 07-13834                                        DIVISION: "I " (14)

JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON, RYAN J.
JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON,
BRAD A. JEFFERSON, AND LISA M. WILLIAMS

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED:_____

                                        _____
                                        DEPUTY CLERK

### REQUEST FOR NOTICE

NOW INTO COURT, through undersigned counsel, comes defendant Buck Kreihs Company,

Inc. ("Buck Kreihs") reserving unto itself all of its rights to file dilatory and declinatory exceptions,

and without waiving any such rights, hereby moves for written notice of judgment, orders or other

action of the trial court, and the setting or the date fixing for any conference, trial or hearing on any

exception, motion, rule, or trial on the merits, pursuant to Articles 1572, 1913, and 1914 of the

Louisiana Code of Civil Procedure, including immediate notice of interlocutory and final orders and

judgments on any exceptions, motions, rules or trials, in the above-captioned matter.

Respectfully submitted:

MONTGOMERY, BARNETT, BROWN,
READ, HAMMOND & MINTZ

BY:_____
LAWRENCE G. PUGH, III (#17351)
H. PHILIP RADECKER, JR. (#17102)
3300 Energy Centre
1100 Poydras Street
New Orleans, LA. 70163-3200
(504) 585-3200
Counsel for Buck Kreihs Company, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon plaintiff's counsel

by forwarding a copy of same by facsimile and to defense counsel by electronic mail on this 19th

day of November, 2007.



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 07-13834                    DIVISION I                    SECTION 14

JOANNIE L. JEFFERSON, ADRAINE J. GEORGES, DERRIE K. JEFFERSON,
RYAN F. JEFFERSON, THOMAS H. JEFFERSON, IV, KEVIN L. JEFFERSON,
BRAD A JEFFERSON, AND LISA M. WILLIAMS

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL

FILED: _____          _____
                                            DEPUTY CLERK

EXCEPTIONS, ANSWER AND THIRD-PARTY DEMANDS
OF PORTS AMERICA GULFPORT, INC.
TO PLAINTIFFS' PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Ports America Gulfport,

Inc., f/k/a P&O Ports Gulfport, Inc. f/k/a I.T.O Corporation, f/k/a Atlantic and Gulf

Stevedores, Inc. (hereinafter, collectively, "Ports America"), which pleads the following

Exceptions, Answer and Third Party Demands in response to plaintiffs' Petition for

Damage:

I.

PEREMPTORY EXCEPTIONS OF NO CAUSE OF ACTION AND VAGUENESS

Ports America asserts the Peremptory Exception of No Cause of Action as to

plaintiffs' tort claims for the alleged wrongful death of Thomas Jefferson, Jr. Plaintiffs

allege that Thomas H. Jefferson, Jr. was an employee of Ports America and that he was

exposed to asbestos during that employment, which exposure led to his contraction of an

occupational disease and resulted in his death. Any alleged cause of action for his death

arose at the time of his death, on or about December 25, 2006, as set forth by the

Louisiana Supreme Court in *Walls v. American Optical Corp.*, 98-0455 (La. 9/8/99), 740

So.2d 1262.  Thus pursuant to the Louisiana Workers Compensation Act (L.S.A.-R.S.

23:1032 *et seq.*), as it existed on December 25, 2006, plaintiffs' sole remedy for the

wrongful death of Thomas H. Jefferson, Jr. as a result of an occupational disease allegedly

contracted in the course and scope of his employment with Ports America is under the

Louisiana Workers' Compensation Act, which bars tort claims against the employer.  For

those reasons set forth more fully in Ports America's accompanying Memorandum in

ENTERED RULE DOCKET/COMPUTER ✓
SERVICE COPIES TO SHERIFF _____ ✓
CARD WITH RULE DATE MAILED _____
COPY OF DOCUMENT MAILED _____
RULE DATE RECEIVED ✓


VERIFIED
ANGELA McWILLIAMS

Support, plaintiffs' tort claims for the alleged wrongful death of Thomas H Jefferson, Jr. are barred as a matter of law and must be dismissed, with prejudice.

Ports America also asserts the Peremptory Exception of No Cause of Action in response to plaintiffs' "Premises Liability" claims against Ports America. It their Petition for damages, plaintiff's allege that Ports America is liable as a "premises defendant" in connection with "jobsites" on which Thomas H. Jefferson, Jr. was allegedly exposed to asbestos. Plaintiffs allege that Ports America was the "operator and/or manager and/or the owner and occupier" of these "facilities" or "jobsites," that the facilities were defective and that Ports America is thus liable as the "premises operator and/or manager and/or owner and occupier and/or custodian." However, Ports America is not and was not, at any time pertinent, the "premises operator and/or manager and/or owner and occupier and/or custodian" of the Port of New Orleans, the only jobsite identified in plaintiffs' Petition." Furthermore, plaintiffs' Petition is so vague as to the basis for the alleged cause of action against Ports America on the grounds of premises liability, that it fails to state a cause of action. Thus, due to the vagueness of plaintiffs' claims and based upon La. C.C. Arts 2322, 2317 and 2317.1, and for the reasons set forth more fully in Ports America's accompanying Memorandum in Support, plaintiffs' claims against Ports America for Premises Liability must be dismissed, with prejudice.

## II.

## ANSWER

And now, in response to the allegations of plaintiffs' Petition for Damages, Ports America asserts the following defenses:

## FIRST DEFENSE

The Petition fails to state a claim for which relief may be granted.

## SECOND DEFENSE

The Petition is vague and ambiguous as it pertains to Ports America.

## THIRD DEFENSE

Plaintiffs' claims against Ports America are prescribed.

## FOURTH DEFENSE

Plaintiffs have no tort claims pursuant to the law of Louisiana against Ports America.

2

### FIFTH DEFENSE

The Plaintiffs have no right of action against Ports America.

### SIXTH DEFENSE

Ports America is immune from suit, and plaintiffs have no cause of action against Ports America pursuant to applicable provisions of the Longshore and Harbor Workers' Compensation Act and applicable Louisiana state workers' compensation law.

### SIXTH DEFENSE

The Petition fails to state a cause of action against Ports America.

### SEVENTH DEFENSE

The Petition includes an improper cumulation of actions.

### EIGHTH DEFENSE

Plaintiffs' claims are barred by *res judicata*.

### NINTH DEFENSE

Plaintiffs' claims are banned by *lis pendens*.

### TENTH DEFENSE

Ports America adopts and incorporates by reference all exceptions asserted and/or to be asserted by any other defendant in this action.

### ELEVENTH DEFENSE

Ports America is entitled to a reduction in the amount for which it may ultimately be held responsible in Judgment of the plaintiff to the full extent available under the laws of indemnity, comparative negligence, and/or contribution.

### TWELFTH DEFENSE

Ports America pleads that plaintiffs failed to properly mitigate their damages which bars and/or reduces any recovery that may be obtained.

### THIRTEENTH DEFENSE

Plaintiff's injuries and illnesses, if any, were the result of the usual and normal risks of his occupation which were assumed by him and which are pleaded herein as a bar to and/or in mitigation of any recovery plaintiff may receive.

FOURTEENTH DEFENSE

Ports America owed no duty to plaintiff, the breach of which may have caused injury or damage to plaintiff.

## FIFTEENTH DEFENSE

Plaintiff's injuries or illnesses, if any, were causally related to his own negligence or fault which is specifically pleaded herein to mitigate and/or diminish any recovery plaintiff may obtain.

## SIXTEENTH DEFENSE

Plaintiff's injuries or illnesses, if the result of occupational or non-occupational exposure, were caused by substances other than asbestos.

## SEVENTEENTH DEFENSE

Ports America could not and did not foresee the risk of damages and/or injuries to this particular plaintiff.

## EIGHTEENTH DEFENSE

Ports America specifically denies that plaintiff was exposed to asbestos at any time while in the course and scope of his employment, if any, with it or at any other time was plaintiff exposed to asbestos by any act or inaction on the part of Ports America.

## NINETEENTH DEFENSE

Plaintiff has no right or cause of action against Ports America as a matter of law.

## TWENTIETH DEFENSE

Ports America denies that it or anyone for whose actions it is or may be responsible in any way caused or contributed to any alleged injuries or illnesses of plaintiff and, in fact, avers that any alleged injuries or illnesses were the result of the fault and neglect of plaintiff or other parties for whose actions Ports America is not legally responsible.

## TWENTY-FIRST DEFENSE

In further response to plaintiffs' Petition for Damages, Ports America denies that it was in any way negligent with regard to plaintiff's work conditions and environment.

4

## TWENTY-SECOND DEFENSE

Ports America specifically denies that its work sites in any way violated workplace safety regulations propounded by the U.S. Department of Labor, the Walsh/Healy Act or the Occupational Safety and Health Act.

## TWENTY-THIRD DEFENSE

Ports America prays for trial by jury.

## TWENTY-FOURTH DEFENSE

Ports America specifically denies that plaintiff is entitled to any award for medical costs, lost earnings, mental suffering, anguish and pain, physical pain and suffering, loss of qualify of life, loss of consortium or any other form of non-pecuniary damage.

## TWENTY-FIFTH DEFENSE

Ports America denies that plaintiff is suffering from or contracted any disease, illness or condition that is work-related or caused or contributed to by exposure to any of the substances claimed by plaintiff.

## TWENTY-SIXTH DEFENSE

In response to plaintiffs' Petition for Damages, Ports America denies the allegations contained in paragraphs 1 through 38, inclusive, and all subparts therein, as they may in any way pertain to Ports America.

## TWENTY-SEVENTH DEFENSE

Ports America denies that plaintiff was exposed to any ultra-hazardous material or was engaged in an ultra-hazardous occupation or job.

## TWENTY-EIGHTH DEFENSE

Ports America denies that plaintiff has a claim for special or general damages as a matter of fact or law.

## TWENTY-NINTH DEFENSE

Ports America denies that plaintiff and his spouse and dependents, as applicable, are entitled to any damages, including but not limited to loss of society, support, love and affection or consortium, or any other non-pecuniary damages at any time.

5

**THIRTIETH DEFENSE**

Ports America denies that plaintiff is entitled to recover the costs of trial, interest or any judgment, attorney's fees, or any other remedy whether in law or equity.

**THIRTY-FIRST DEFENSE**

Plaintiffs' state law claims in this case are preempted by the terms and provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*

**THIRTY-SECOND DEFENSE**

Plaintiffs' Petition for Damages and the claims made against Ports America therein are barred and preempted by the exclusivity provisions of the Longshore and Harbor Workers' Compensation Act and/or the Louisiana Workers' Compensation Act.

**THIRTY-THIRD DEFENSE**

Ports America avers that at no time pertinent hereto was it ever a manufacturer, miner, distributor, seller, supplier or end user of asbestos, silica, or other airborne contaminants or toxic fibers or products containing asbestos, silica, or other airborne contaminants or toxic fibers and thus is not subject to any theory of liability as a product manufacturer or distributor.

**THIRTY-FOURTH DEFENSE**

Plaintiff's claims are barred by his failure to exhaust his administrative remedies.

**THIRTY-FIFTH DEFENSE**

The risks and hazards alleged by plaintiff were known or should have been known to plaintiff as a result of which he assumed the risk.

**THIRTY-SIXTH DEFENSE**

Plaintiff's alleged conditions were caused or contributed to by his own acts or omissions.

**THIRTY-SEVENTH DEFENSE**

Plaintiff's alleged conditions were the result of unavoidable circumstances.

**THIRTY-EIGHTH DEFENSE**

Plaintiff's alleged conditions were caused by or contributed to by the plaintiff himself and/or other persons or parties for whom Ports America is not responsible.

**THIRTY-NINTH DEFENSE**

Plaintiff failed or refused to use appropriate protective equipment which was or may have been available to him.

**FORTIETH DEFENSE**

Plaintiff has entered into settlements with other parties allegedly responsible to plaintiff for his alleged conditions, which settlements are a bar to or diminution of any recovery against Ports America.

**FORTY-FIRST DEFENSE**

Plaintiff was not exposed to asbestos, silica, or other airborne contaminants or toxic fibers, or similar products during his employment with Ports America.

**FORTY-SECOND DEFENSE**

Plaintiffs' lawsuit is neither grounded in fact nor warranted by existing law or a good faith argument for the modification or reversal of existing law.  Accordingly, Ports America seeks appropriate sanctions against the plaintiff and his counsel to include all reasonable expenses incurred because of the filing of this lawsuit, including reasonable attorney's fees.

**WHEREFORE**, defendant, Ports America Gulfport, Inc., specifically prays that its Exceptions and Answer be deemed good and sufficient and after due proceedings are had, there be judgment herein in favor of Ports America Gulfport, Inc., thereby dismissing the plaintiffs' Petition with prejudice at plaintiffs' costs and for all general and equitable relief to which they may be entitled.

Respectfully submitted,

_____
WILTON E. BLAND, III            (#3123)
PATRICK E. COSTELLO            (#26619)
JACQUES P. DeGRUY            (#29144)
Mouledoux, Bland, Legrand & Brackett, LLC
One Shell Square, Suite #4250
701 Poydras Street
New Orleans, Louisiana 70139
Telephone:   (504) 595-3000
Facsimile:   (504) 522-2121
Attorneys for Ports America Gulfport, Inc.
H:\0585\07393 Jefferson, Joannie\Pleadings\Answer and Exceptions.wpd


A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleadings has been sent to all counsel of record, via e-mail, facsimile, by hand and/or U.S. Mail, properly addressed and postage prepaid.

THIS 12th day of December, 2007.

_____
JACQUES P. DeGRUY

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

2007 DEC 19 P 3: 05

STATE OF LOUISIANA

CIVIL
DISTRICT COURT

NO. 2007-13834                                    DIVISION "I-14"

JOANNIE L. JEFFERSON, ET AL.

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL.

FILED: _____

                                    _____
                                           DEPUTY CLERK

### ANSWER OF CROWLEY MARINE SERVICES, INC.
### TO PETITION FOR DAMAGES

NOW COMES Crowley Marine Services, Inc. ("Crowley"), and for answer to plaintiffs'

Petition for Damages, with respect represents:

### FIRST DEFENSE

The Petition fails to state a claim against Crowley upon which relief can be granted.

### SECOND DEFENSE

The plaintiffs' claims are barred by prescription and/or laches.

### THIRD DEFENSE

This Honorable Court lacks jurisdiction over the person of Crowley

### FOURTH DEFENSE

Venue is improper.

### FIFTH DEFENSE

For answer to the specific allegations contained in plaintiffs' Petition for Damages,

Crowley avers upon information and belief as follows:

I.

The allegations of Paragraphs 1, 2 and 3 of the Petition for Damages are denied except to

admit Crowley is a foreign corporation.

II.

The allegations of Paragraphs 4 and 5 of the Petition for Damages are denied, except to

admit that decedent died on December 25, 2006.



NO.99833565.1

<center>III.</center>

The allegations of Paragraph 6 of the Petition for Damages are denied for lack of information sufficient to justify a belief.

<center>IV.</center>

The allegations of Paragraphs 7 and 8 of the Petition for Damages are denied insofar as they relate to Crowley.

<center>V.</center>

For answer to the allegations of Paragraph 9 of the Petition for Damages are denied for lack of information sufficient to justify a belief.

<center>VI.</center>

The allegations of Paragraph 10 of the Petition for Damages are denied insofar as they relate to Crowley.

<center>VII.</center>

The allegations of Paragraph 11 of the Petition for Damages are denied, except to admit decedent may have worked on ships.

<center>VIII.</center>

The allegations of Paragraphs 12 and 13 of the Petition for Damages are denied.

<center>IX.</center>

The allegations of Paragraph 14 of the Petition for Damages are denied, except to admit that under certain circumstances exposure to asbestos can cause disease.

<center>X.</center>

The allegations of Paragraphs 15, 16, 17 and 18 of the Petition for Damages are denied, except to admit decedent died on December 25, 2006.

<center>XI.</center>

The allegations of Paragraphs 19, 20, 21, 22, 23, 24 and 25 of the Petition for Damages are denied.

<center>XII.</center>

The allegations of Paragraphs 26, 27, 28, 29, 30, 31, 32, 33, 34 and 35 of the Petition for Damages do not relate to Crowley and, therefore, no answer is required, but should answer be deemed necessary, they are denied.

<center>- 2 -</center>

XIII.

The allegations of Paragraphs 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50 and 51 of the Petition for Damages are denied

## SIXTH DEFENSE

Further answering the Petition and as a further defense, Crowley avers that any injuries and/or illnesses sustained by Thomas H. Jefferson, Jr. resulted from his own fault, carelessness, or inattention to duty and negligence, for which Crowley is not liable and/or from the fault, carelessness or inattention to duty or negligence of others for whose fault or negligence Crowley is not liable.

## SEVENTH DEFENSE

Further in the alternative, Crowley avers that if Thomas H. Jefferson, Jr.'s injuries and/or illnesses were caused or contributed to by the fault or negligence of Crowley or by the unseaworthiness of Crowley's vessels, which is denied, then, in that event, Crowley avers that said injuries and/or illness were contributed to by the fault, carelessness, negligence and inattention to duty of Thomas H. Jefferson, Jr. which Crowley specifically pleads in mitigation of recovery, if any.

## EIGHTH DEFENSE

Further answering the Petition, and as further defense, Crowley avers that if any injuries were sustained by Thomas H. Jefferson, Jr., which is denied, then such injuries resulted from conditions, hazards or dangers which were not known to Crowley and which should not have been known by Crowley at the time of Thomas H. Jefferson, Jr.'s employment.

## NINTH DEFENSE

If decedent was exposed to any asbestos or other harmful substance aboard Crowley's vessels, which is denied, such exposure was so minimal so as to be insufficient to establish a reasonable degree of probability that said substances aboard Crowley's vessels caused or contributed to produce the injuries and damages alleged.

## TENTH DEFENSE

Upon information and belief, petitioners have or will enter into settlements with, or otherwise dismiss claims against, others who may be jointly responsible for decedent's injuries, for which Crowley is entitled to proportional credit.

NO.99833565.1

FILED

2007 DEC 19 P 3: 05

CIVIL
DISTRICT COURT

## RESERVATION OF RIGHTS

1. Crowley reserves the right to file supplemental or amended answers depending upon the facts as they may be developed.

2. Crowley specifically reserves the right to assert any cross-claims, counter-claims or third-party claims against any party at any reasonable time or at the direction of the Court.

WHEREFORE, Crowley Marine Services, Inc. prays that, after due proceedings, there be judgment in its favor, dismissing plaintiffs' Petition with costs. Crowley further prays for all such other and further relief in the premises as in law or in equity they may be entitled to receive.

New Orleans, Louisiana, this ___19ᵗ___ day of December, 2007.

Respectfully submitted:

PHELPS DUNBAR, L.L.P.

_____
JOHN A. BOLLES  (Bar # 3223)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:   504-566-1311
Facsimile:    504-568-9130
E-mail:       bollesj@phelps.com
Attorneys for Crowley Marine Services, Inc.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Answer to Plaintiffs' Petition for Damages has been served on all known counsel of record, by hand, by facsimile, by e-mail and/or by First Class, United States Mail, postage prepaid and properly addressed, this ___19ᵗ___ day of December 2007.

_____ .
JOHN A. BOLLES

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

- 4 -

NO.99833565.1

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
2007 DEC 14 P 3: 05

STATE OF LOUISIANA

CIVIL
DISTRICT COURT

NO. 2007-13834                                              DIVISION "I-14"

JOANNIE L. JEFFERSON, ET AL.

VERSUS

AMERICAN SUGAR REFINING, INC., ET AL.

FILED: _____        _____
                                                    **DEPUTY CLERK**

## REQUEST FOR WRITTEN NOTICE

TO:    Clerk of Court
       Civil District Court for the Parish of Orleans
       421 Loyola Avenue
       New Orleans, LA 70112

       NOW INTO COURT, through undersigned counsel, comes defendant Crowley Marine

Services, Inc., and pursuant to Articles 1571 and 1572 of the Louisiana Code of Civil Procedure,

requests that you notify it through undersigned counsel, at least ten (10) days in advance of any

date fixed for a conference, trial or hearing in this matter.

       Further, pursuant to Articles 1913 and 1914 of the Louisiana Code of Civil Procedure,

Crowley Marine Services, Inc., requests that you notify it through undersigned counsel of notice

of any order or judgment to be entered in this cause.

       New Orleans, Louisiana, this _____ day of December, 2007.

                              Respectfully submitted:

                              PHELPS DUNBAR, L.L.P.

                              _____
                              JOHN A. BOLLES  (Bar # 3223)
                              Canal Place
                              365 Canal Street • Suite 2000
                              New Orleans, Louisiana 70130-6534
                              Telephone:   504-566-1311
                              Facsimile:   504-568-9130
                              E-mail:      bollesj@phelps.com
                              Attorneys for Crowley Marine Services, Inc.

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA



NO.99833572.1

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Request for Written Notice has been served on all known counsel of record, by hand, by facsimile, by e-mail and/or by First Class, United States Mail, postage prepaid and properly addressed, this _____ day of December 2007.

JOHN A. BOLLES

NO.99833572.1