UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOANIE L. JEFFERSON, ET AL.                CIVIL ACTION

VERSUS                                     NO: 10-4442

AMERICAN SUGAR REFINING,                   SECTION: "J" (4)
INC., ET AL.

**ORDER AND REASONS**

Before the Court are two *Motions to Remand* **(Rec. Docs. 164 and 165)** filed by Joanie Jefferson, Adraine Georges, Derrie Jefferson, Ryan Jefferson, Thomas Jefferson IV, Kevin Jefferson, Brad Jefferson and Lisa Williams ("Plaintiffs"), and an opposition thereto (Rec. Doc. 174) filed by Defendant Certain Underwriters at Lloyd's, London ("Lloyd's"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that this case should be **REMANDED** to state court.

**FACTS AND PROCEDURAL BACKGROUND**

This case dates back to October 16, 2007, when Plaintiffs first brought suit against multiple defendants in Louisiana state court alleging that Thomas Jefferson, Jr. died as a result of exposure to asbestos. (Rec. Doc. 1-1 at 1-4.) The original petition alleged that Mr. Jefferson's asbestos exposure occurred through his occupation and named Lykes Brother Steamship ("Lykes") as one of Mr. Jefferson's employers. *Id*. at 3-4, 20.  On or around

1

December 3, 2009, Plaintiffs filed a First Supplement and Amendment to the Original Petition naming Hartford Indemnity Company ("Hartford") as a liability insurer for Lykes. *Id*. at 29. On or about November 4, 2010 Plaintiffs filed a Second Supplement and Amendment to the Original Petition naming Lloyd's as a defendant insurer of Lykes, and identifying the companies they alleged to have underwritten insurance policies to Lykes: Economic Insurance Company Limited; Fine Art & General Insurance Company Limited; National Provincial Insurance Company Limited; the Edinburgh Assurance Company' and British Law Insurance Company. (Rec. Doc. 174 at 1-2.)[1]

Later, two entities, Industrial Development Corporation of South Africa, Ltd. ("IDC") and South African Marine, were added as third party defendants. (Rec. Doc. 174 at 2.) IDC then removed the case to this Court under the Foreign Sovereign Immunities Act. (Rec. Doc. 160 at 3.)

Following removal, the case was transferred to Eastern District of Pennsylvania as part of the MDL No. 875 pending in that court. (*See* Rec. Doc. 46 at 1-2.) That court granted summary judgment in favor of IDC and South African Marine, exercised supplemental jurisdiction over the case, and transferred it back

---

[1] To the Best of the Court's knowledge, the Second Supplement and Amendment to the Original Petition is not filed in the record. Therefore, the Court relies on references to it by Lloyd's in its memorandum, which Plaintiffs do not dispute.

to this Court. (Rec. Doc. 160 at 3.) Thereafter, more defendants were dismissed by way of settlement until Lloyd's was the sole remaining defendant. (*See* Rec. Doc. 150.) This Court then declined to exercise supplemental jurisdiction and remanded the matter to Louisiana state court. *Id.*

Lloyd's appealed the remand, arguing that diversity jurisdiction exists between itself and Plaintiffs. (Rec. Doc. 160 at 3.) The United States Court of Appeals for the Fifth Circuit vacated this Court's order and remanded the case back to this Court to determine whether diversity jurisdiction exists. *Jefferson v. Certain Underwriters at Lloyd's London*, 658 F. App'x 739, 741 (5th Cir. 2016).

## **LEGAL STANDARD**

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The district courts have original jurisdiction over cases involving citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest or costs. 28 U.S.C. § 1332(a)(1). The Court only has jurisdiction under 28 U.S.C. § 1332 when "complete diversity" exists. *See Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id.* The removing

3

party bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists at the time of removal. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). Ambiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). When a case is removed based on diversity, the case must have been removable at the time it was filed in state court, meaning that post-filing changes in a party's citizenship will not convert a nonremovable case into a removable one. *Gibson v. Bruce*, 108 U.S. 561, 563 (1883). However, even when a case is initially nonremovable, it may later become removable through the dismissal of all nondiverse parties. *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000); *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 934 F. Supp. 209, 212 (E.D. La. 1996).

## DISCUSSION

The question before the Court is whether complete diversity existed between Plaintiffs and Lloyd's at the time this case was originally removed.[2] *See Jefferson*, 658 F. App'x at 743.

---

[2] Lloyd's does not contest that the amount in controversy is satisfied in this case. (Rec. Doc. 174 at 3.)

4

Plaintiffs argue that Lloyd's has failed to demonstrate that the parties were completely diverse at the time of removal. Lloyd's counters that it has satisfied the requirements of diversity jurisdiction in this case. Plaintiffs were citizens of Louisiana, Texas, and Wisconsin when they filed their original petition. (Rec. Doc. 1-1 at 19.) Therefore, in order to have achieved diversity, Lloyd's must demonstrate that it is not a citizen of any of those three states.

Plaintiffs' suit is a direct action against Lloyd's as the insurer of Lykes; Lykes was not a party defendant in this case. *See Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1188 (5th Cir. 1988) ("The Louisiana Direct Action Statute permits an injured party to sue the insurer of the person against whom he asserts a claim.") In direct action scenarios, there are three ways by which an insurer obtains citizenship. First, the insurer is deemed a citizen of each state where its insured is a citizen. 28 U.S.C. § 1332(c)(1)(A). Second, the insurer is deemed a citizen of every state where it has been incorporated. § 1332(c)(1)(B). Finally, the insurer is deemed a citizen of each state where it has its principal place of business. § 1332(c)(1)(C). Therefore, it is necessary to determine the citizenship of Lloyd's and also the citizenship of its insured, Lykes. Each will be discussed below.

**Citizenship of Lykes**

The Court will first determine whether Lykes, as the insured of Lloyd's, was a citizen of Louisiana, Texas, or Wisconsin at the time of removal. Plaintiffs' original petition named Lykes as an employer of the decedent Thomas Jefferson. Plaintiffs' Second Supplement and Amendment to the Original Petition named Lloyd's as a defendant as insurer for Lykes. Therefore, Lloyd's is deemed a citizen of every state in which Lykes is a citizen. § 1332(c)(1)(A). Lloyd's argues, and Plaintiffs do not dispute, that Lykes' citizenship is determined for diversity purposes on the date of Plaintiffs' original complaint, October 16, 2007. *See Thompson v. Greyhound Lines, Inc.*, 574 F. App'x 407, 408 (5th Cir. 2014) ("Diversity Jurisdiction is based on the facts at the time of filing.")

Lykes experienced numerous organizational changes in the years leading up to October 16, 2007, and this history is important for determining whether Lykes was a citizen of Louisiana, Texas, or Wisconsin when Plaintiffs filed their original petition. Lloyd's avers, and Plaintiffs do not dispute, that Lykes filed for Chapter 11 reorganization in 1995. On February 24, 1997, the bankruptcy court approved a bid by CP Ships, Ltd. ("CP Ships"), a Canadian company, to purchase the assets of Lykes. (*See* Rec. Doc. 175-5.) In April of 1997, the bankruptcy court approved the creation of a Tort Claims Trust that was created and organized in

Florida, and directed that all tort claims be channeled through this Trust. (Rec. doc. 175-6 at 7, 62-63.)[3]

Lloyd's argues that CP Ships' purchase of Lykes resulted in the assets of the company being owned by a Canadian company. Lloyd's further argues, and Plaintiffs do not dispute, that in 2005 a multi-national company called TUI AG purchased CP Ships. Lloyd's asserts that TUI AG was headquartered in Germany. TUI AG subsequently merged with Hapag-Lloyd, which is a German transportation company. (*See* Rec. Doc. 175-4 at 328.)

The Court finds the undisputed evidence presented by Lloyd's is sufficient to establish that Lykes was not a citizen of Louisiana, Texas, or Wisconsin when Plaintiffs filed their original complaint.

**Citizenship of Lloyd's**

The next inquiry is whether Lloyd's was incorporated or had its principal place of business in Louisiana, Texas, or Wisconsin. *See* 28 U.S.C. § 1332(c)(1)(B)-(C). This issue is complicated by the nature of underwriting at Lloyd's. Lloyd's "is not an insurance company but rather a self-regulating entity which operates and controls an insurance market." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). "Thus, a

---

[3] Lloyd's argues that because of the bankruptcy, Lykes was a "nominal entity" by the time Plaintiffs filed their original Petition. Therefore Lloyd's argues that Lykes' citizenship should not be considered when determining Lloyd's' citizenship. Lloyd's does not cite to any authority to support this position.

7

policyholder insures *at* Lloyd's but not *with* Lloyd's." *Id*. at 858 (emphasis in original). The underwriting itself is actually done by members or investors who are referred to as "Names." *Id*. "Each Name is exposed to unlimited personal liability for his proportionate share of the loss on a particular policy that the Name has subscribed to as an underwriter." *Id*.

In this case, Plaintiffs allege that five different Names underwrote the policies issued to Lykes. These Names are: Economic Insurance Company Limited; Fine Art & General Insurance Company Limited; National Provincial Insurance Company Limited; the Edinburgh Assurance Company; and British Law Insurance Company. (Rec. Doc. 174 at 6.) Therefore, the citizenship of all five Names is relevant in this case. *See Corfield*, 355 F.3d at 864.

To establish diversity jurisdiction, Lloyd's must demonstrate that complete diversity exists between Plaintiffs and all five Names alleged by Plaintiffs to have underwritten policies for Lykes. *See Johnson v. Certain Underwriters at Lloyd's London*, 09-2495, 2009 WL 3232006, at *3 (E.D. La. Oct. 2, 2009) ("Federal courts across the nation have agreed, though through different rationales, that when determining the diversity of citizenship of the parties in a case involving Lloyd's of London, all the "names" must be taken into consideration.") (collecting cases); *Certain Underwriters at Lloyd's London Subscribing to Policy No. B066421355A04 v. Washington*, 09-3195, 2009 WL 5215927, at *4 (E.D.

8

La. Dec. 28, 2009) ("[T]his Court agrees with [the] multiple other jurists of the Eastern District of Louisiana and other Circuit Courts that the citizenship of the Names, as the real parties to the controversy, must be considered for purposes of diversity of citizenship jurisdiction."); *Advanced Sleep Center, Inc. v. Certain Underwriters at Lloyd's London*, 14-592, 2015 WL 4097069, at *2 (E.D. La. July 7, 2015) (requiring complete diversity to exist between plaintiffs and all Names listed in defendant's notice of removal). Lloyd's has failed to make such a showing. Instead, Lloyd's only discusses the citizenship of Edinburgh Assurance Company ("Edinburgh"). Lloyd's avers that Edinburgh was organized in the United Kingdom, and that its principal place of business is also the United Kingdom. However, Lloyd's does not once mention the citizenship of the other four Names alleged to have underwritten the policies issued to Lykes. This is not sufficient to establish complete diversity.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand* **(Rec. Doc. 165)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over this matter and hereby **REMANDS** the matter back to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that Plaintiffs' *Motion to Remand* **(Rec. Doc. 164)** is **DENIED as MOOT**.

New Orleans, Louisiana this 7th day of March, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE